### J. P. PILGRIM v. THE STATE.

No. 580.    Decided May 4, 1910.

**1.—Rape—Continuance—Motion for New Trial.**

Where, upon trial of rape, the application for continuance showed no diligence, and the motion for new trial showed no affidavits nor proof that the absent testimony was probably true, it will be assumed that the trial court overruled the motion for continuance on the above ground.

**2.—Same—Evidence—Written Confession.**

Where, upon trial of rape, a written confession substantially conformed to the statute, there was no error in admitting the same in evidence.

**3.—Same—Confession, Relevancy of.**

Where, upon trial of rape, the count in the indictment alleging incest had been dismissed, and the defendant was tried on the charge of rape, the relevancy and admissibility of defendant's confession must be tested as if he stood charged alone with the offense of rape.

**4.—Same—Remarks by Judge.**

Where, upon trial of rape, it appeared from the record that the remarks by the trial judge were made jocularly and without reference to the defendant

and were promptly withdrawn from the jury, they could not injure the de-. fendant, and there was no error.

**5.—Same—Age of Prosecutrix—Defendant's Belief.**

· Upon trial of rape it was no defense that the defendant in good faith believed that the prosecutrix was over the age of consent at the time of the carnal intercourse. Following Edens v. State, 43 S. W. Rep., 89.

Appeal from the District Court of Ellis. Tried below before the Honorable F. L. Hawkins.

Appeal from a conviction of rape; penalty, imprisonment in the penitentiary for life.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—On the 8th day of October, 1909, an indictment was filed in the District Court of Ellis County charging appellant in one count with rape on the person of Lillian Hall, who was alleged to be under the age of fifteen years, and by another count in the indictment he was charged with incest with the said Lillian Hall, who was alleged to be his stepdaughter. By consent of the court the count charging incest was dismissed by the county attorney, and the case submitted to the jury alone upon the count in the indictment charging appellant with rape. On his trial, which occurred October 30th, thereafter, he was found guilty of rape, and his punishment assessed at confinement in the penitentiary for life.

The facts show briefly that appellant was a man about 47 years of age, and in May, 1904, had married the mother of Lillian Hall. Prosecutrix' testimony is to the effect, in substance, that early in January, 1909, while they were picking cotton, appellant had carnal intercourse with her, and there was born to her thereafter, about the 15th of October, 1909, a child. The State also introduced in evidence a confession made by appellant, which is to this effect:

"Waxahachie, Texas, Sept. 1, 1909.

"The State of Texas v. J. P. Pilgrim.

"I, J. P. Pilgrim, charged with rape on my stepdaughter, Lillian Hall, after being warned by W. H. Fears, that I don't have to make any statement at all and that any statement that I do make will be voluntary and can be used in evidence against me on the trial of said charge, do hereby voluntary make to said W. H. Fears the following statement: I am 47 years old. I have been married to my present wife Carrie Pilgrim, I think eight years in May, 1910, or over seven years. When I was married to her she had one child, Lillian Hall. Lillian

Hall, I think, is sixteen years old past. She is said to have been born—I don't knów. I have had carnal intercourse with Lillian Hall but it was mutual she agreed to it.

"Signed        "his

"J. P. X PILGRIM.

"mark

"Witness:

  "W. H. Fears.

  "G. B. Winn."

The age of the prosecuting witness was satisfactorily, indeed conclusively, shown to be less than 15 years at the time of the intercourse. Appellant proved a good reputation by a number of witnesses for good conduct and good moral character, and that he was an honest and law-abiding citizen. No other testimony was offered in his behalf. A number of questions are raised on the appeal, only a few of which it is necessary to notice.

1. When the case was called for trial appellant made an application for continuance on account of the absence of Lena Cates, Buddie Fannin, Aubrey White and D. Shelton. Lena Cates was alleged to reside in Knox County, and it was averred that on the 20th day of October, 1909, appellant caused to be issued a subpoena for said witness, and same was sent by due course of mail to the sheriff of Knox County, and same had not been returned at the time of the filing of the application. It is stated in the application that Lena Cates was a cousin of the prosecuting witness, Lillian Hall, and knew her both in Mississippi and Texas, and that she knew both of her own knowledge and from statements of the said Lillian Hall that said Lillian Hall was 10 or 11 years old when she came to Texas, and that she has resided in Texas for six years. By Fannin, White and Shelton it was expected to be proven that they were school mates of Lillian Hall and had each known her for some time, and that they knew her to be 16 or 17 years old in August of 1909; and further, that the witness Fannin had had intercourse with her many times during the last two years. This application was overruled by the court without any reason being stated therefor. We may assume that the court thought the diligence insufficient, and that he doubted the fact as to whether the witnesses would have given the testimony desired, and if so that same would probably be untrue. Notwithstanding the term of court did not adjourn until the 4th day of December 1909, and notwithstanding the motion for new trial was not overruled until that day, there was no affidavit or other showing made by these witnesses or any other witness that the facts sought by them were true, or that they would have testified to same. In view of the fact that more than a month elapsed from the conviction until the motion for new trial was acted on, and

that there was absolutely no showing at all by affidavit or otherwise that these witnesses would have testified to the facts expected to be proven by them, we are not prepared to say, even if the diligence was beyond question, that the court abused the discretion which the law wisely confides to him in passing on applications for continuance. Indeed, we are convinced that the prosecutrix was under the age of 15 years, and that the testimony sought could not have been produced. This conclusion is rendered stronger by the fact that no effort was made in motion for new trial to establish the fact that the witnesses would have so testified.

2. The next question of importance relates to the action of the court in admitting in evidence over appellant's objection the confession quoted above. When this confession was offered in evidence appellant objected to same because it did not fulfill the statutory grounds, and that appellant was not informed that any statement that he might make might be used as evidence against him on his trial for the offense concerning which same was made; that if warned at all the warning related only to the charge of rape and could not be held to apply to incest, whereas on the trial he was prosecuted both for rape and incest; and further, that the statement was not witnessed by any one; that Mr. Winn who witnessed same, only witnessed appellant's signature, and that it appeared that he himself had not read the statement or any part of it, and did not know whether the statement read by Mr. Fears, the assistant county attorney, was the true purport of the confession or not. This confession is somewhat different in its language from any heretofore considered by us. It will be noted that it states that appellant was warned by W. H. Fears, and further that it includes the statement that the confession was made to W. H. Fears. We think this undoubtedly a sufficient compliance with the statute. Knight v. State, 55 Texas Crim. Rep., 243; 116 S. W. Rep., 56. It will also be noted that the confession does not use the same word that the statute uses. It says that such statement can be used "against me on the trial of said charge." The statute uses the word "offense." We think the objection on this ground is immaterial, and indeed hypercritical, and that, in substance, the confession conforms to the statute. The confession itself shows on its face to be voluntary. This was also shown by the testimony of both Mr. Winn and Mr. Fears, the assistant county attorney, and there is no suggestion in the evidence that it was otherwise than freely and voluntarily made. Nor do we think there is any merit in the contention that the confession by its terms relates to a charge of rape, whereas the indictment charged him both with rape and incest. In view of the fact that the prosecution for incest was dismissed, the relevancy and admissibility of this confession must be tested as if appellant stood charged alone with the offense of rape.

3. Again, during the trial appellant objected to a remark of the

court, which it is claimed was a comment upon appellant's character, and calculated to injure him. It seems that during the trial when appellant's counsel was proving his reputation that they asked, in substance, if it was not true that appellant was a prominent member of a church, to which question and answer sought to be elicited thereby counsel for the State objected on the ground that it was immaterial. This objection being sustained, Mr. Winn of counsel for appellant, remarked: "I will state to the county attorney that it is no reflection on a man's character." In this connection counsel for appellant claim that the court thereupon remarked: "It is a reflection on the church." The court denies that he made precisely this remark, but certifies the remark he did make was that it might be a reflection on the church. On objection being made the court at the time withdrew the remark from the jury, and later gave the jury touching this matter the following special charge: "You are instructed that you will disregard the court's remark made in reply to counsel for the defendant in stating that it was no reflection on a man to be a member of the church, the court's remark being 'that it might be a reflection on the church.' The remark being made without reference to the defendant or this case, and in a spirit of levity following some merriment occasioned by a question asked by defendant's counsel and the court's ruling thereon. You will entirely disregard the court's remark." Touching the whole matter the court makes the following explanation:

"The reasons stated in the bill 'because said special charge did not correctly and definitely state the objectionable remarks made by the court in the presence of the jury,' is not approved, but is expressly disallowed for the reason that the special charge given did correctly inform the jury as to the remark in fact made by the court.

"And now as to the remark and the circumstances under which it was made I will try and present the matter to the Court of Criminal Appeals, reproducing as near as possible the conditions existing at the time, realizing how difficult it is to present on paper a matter which could only be thoroughly understood by hearing and seeing it as it transpired, the circumstances being such as makes it almost impossible for the Appellate Court to see the transaction as it actually occurred in the trial court.

"The defendant was introducing his character witnesses one after the other in the routine way, and the trial judge was looking over the opinion of the higher court on a question which had previously been presented in the case, and while Mr. McClelland, one of the defendant's character witnesses, was being examined and after the general examination had been finished, Mr. Winn, one of defendant's counsel, asked the witness the further question: 'He (defendant) is a prominent member of the Methodist Church there, isn't he?' Which question was objected to by the State, and objection sustained by the court; the

manner of asking the question, which was in a rather loud and impressive tone, rather than the question itself, caused some subdued laughter among the jurors and all the counsel engaged in the case except the one asking the question, and a ripple of amusement went over the courtroom, as sometimes happens in a trial, and the court was himself amused; it seems that immediately following the question and the court's ruling thereon, some remarks were made between counsel during the little amusement prevailing, which were not understood by the reporter, and which the court did not hear at all and did not know were passing between them and Mr. Winn remarked: 'I will state to the county attorney that that is no reflection on a man's character.' The court did not catch the first part of the remark but when he looked up he thought Mr. Winn was looking directly at the court, and only heard the latter portion of the remark which was, 'That's no reflection on a man's character,' and the court was under the impression that counsel was addressing him in justification of the question asked and in reply to the ripple of merriment the question had caused, and the court already being amused gave way to the general levity for a moment and remarked in a rather low voice that, 'It might be a reflection on the church.' The first part of the court's remark evidently was not heard by the reporter nor by counsel for defendant just as the first part of counsel's remark was not heard by the court; counsel for defendant excepted to the court's remark because it might be prejudicial to defendant; same was promptly withdrawn by the court; the whole matter was over in a few seconds, the merriment was passed and the trial proceeded; no more was thought of the matter, I presume, until the special charge regarding it was presented, which was refused, and the one complained of in the bill was prepared and given by the court. Under all the circumstances it appears to the trial judge that neither the jury nor any one else could have understood the court's remark to have any reference to defendant, but must have understood it to be merely intended as a piece of good humor.

"With the foregoing explanation the bill is allowed and also bill as to the remark itself, in order that the Court of Appeals may review the entire proceedings in the light of the conditions existing in the trial court as nearly as it can be reproduced on paper."

We think, considering the remark as admitted by the court, the court's prompt withdrawal thereof, and the special instruction given touching same, that it is not possible that this remark of the court injured appellant.

4. Appellant complains in motion for new trial that the court failed to instruct the jury with reference to the issue of mistake of fact based upon the statement of appellant that Lillian Hall was more than 15 years of age. His proposition, in substance, as we understand, is that if appellant at the time of the intercourse in good faith thought

and believed that Lillian Hall was over 15 years of age, that whatever the offense might be, it was not rape. This proposition is thoroughly settled adversely to appellant in the case of Edens v. State, 43 S. W. Rep., 89, where the authorities are collated, and the matter is discussed by Judge Davidson in his usual thorough manner.

The other questions raised are not of sufficient importance to require attention or special treatment.

Finding no error in the record the judgment of conviction is hereby in all things affirmed.

*Affirmed.*