JOHN GAINES v. THE STATE.

No. 1931.   Decided June 19, 1912.

Rehearing denied October 16, 1912.

**1.—Local Option—Continuance—Want of Diligence.**

Where, upon trial of a violation of the local option law, the application for continuance showed an entire want of diligence in procuring the attendance of the absent witness or to take her depositions, there was no error in overruling same.

**2.—Same—Continuance—Practice in District Court.**

Where, upon trial of a violation of the local option law, the absent testimony would not have probably changed the result of the trial, there was no error, under article 597, Code Criminal Procedure, in overruling same; be-

sides, in the light of the explanation of the trial court, it appeared that he had just cause for thinking that the court was being trifled with by the many applications for continuance and postponement.

### 3.—Same—Bill of Exceptions—Practice on Appeal.

Where the action of the court in qualifying the bill of exceptions was severely criticised in appellant's brief, but he did not except to the action of the court, and did not take the proper steps remedying such qualifications at the proper time, there was no reversible error.

Appeal from the District Court of Bowie. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*F. M. Ball,* for appellant.—On question overruling motion for continuance: Pearson v. State, 56 Texas Crim. Rep., 607; Jones v. State, 55 id., 123; Leonard v. State, 53 id., 187; Johnson v. State, 55 id., 134; Beard v. State, 55 id., 154; Marsden v. State, 54 id., 70; Roquemore v. State, 54 id., 592; Smith v. State, 54 id., 617; Wingo v. State, 53 id., 16; Weaver v. State, 52 id., 11.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of the offense of selling intoxicating liquor in violation of the prohibition law, and his punishment assessed at one year confinement in the penitentiary. This is the second appeal in this case, the decision on the former appeal being reported in 63 Texas Crim. Rep., 73, 138 S. W. Rep., 387.

When the case was called for trial, appellant filed an application for a continuance on account of the absence of Mrs. Preston and Mrs. Franks. As to the witness Mrs. Franks appellant states she had left the State, and after diligent inquiry he had been unable to locate her. However, two days after the trial appellant finds Mrs. Franks and she says in the affidavit she has been living in Texarkana, Arkansas, all the time and was in Texarkana, Texas, almost every day, and sheriff Rochelle would make it apparent that it was known that Mrs. Franks was in Texarkana, Arkansas, and if appellant did not know where she was, he learned mighty quick after the trial, and if he had used the same diligence before the trial he used after the trial, her attendance could have been secured, or her deposition taken. In so far as Mrs. Franks is concerned the diligence is wholly lacking for the evidence would convince us that the representations in regard to this witness are not true. As to the witness, Mrs. Preston, the diligence shown, if used in good faith, would be sufficient. However, the court in approving the bill excepting to the action of the court in overruling the application for a continuance, states:

"This bill of exception is approved and ordered filed with the

following explanation: This case had been tried twice. It was tried first on January 5, 1911; convicted for two years; appealed and reversed May 31, 1911. Defendant filed application to continue for absence of Mrs. Franks. Application overruled. Defendant claimed she was sick. With his motion for a new trial he annexed affidavit of Mrs. Frank as to what she would have sworn if she had been there and that she was sick is why she was not there. This case after being reversed was called again for trial on July 31, 1911. State announced ready. Defendant applied for a continuance for absence of Cora Preston, alleging that she was sick. Case postponed to August 14th, 1911. Called again for trial. State announced ready. Defendant applied for continuance on account of absence of Cora Preston, alleging that she was sick. She was fined $25, and court ordered attachment for her and passed case till 16th day of August. On 16th day of August defendant forfeited his bond—claims that he was sick. Affidavit of Bryan shows that Cora Preston was not sick on 14th but that she had closed her house and gone to the State of Arkansas. This operated a continuance for the summer term.

"This case was again called for trial, on January 1, 1912. This being December Term. The case by consent was passed to January 3, 1912. On this day announced ready for trial. Defendant applied for a continuance because of Cora Preston being sick and absent, Case passed till January 8th. On this day State announced ready. Defendant again applied for continuance, because Cora Preston was absent and sick. Case passed till January 22nd. On this day State announced ready. Defendant applied for a continuance. It was overruled. This was the last week we had a jury. The next week we had no jury and had six capital cases set for trial. The case could not be further postponed. It must be tried or continued. Cora Preston was related to the wife of defendant and was his close friend and would do anything in her power for him. Lula Franks is a common prostitute of the lowest type. Cora Preston thought she would be forced to come on January 8th. This accounts for her sending for Dr. Beck and getting the certificate. I saw Dr. Beck and told him that I was satisfied that it was an effort to continue the case. He said he made no examination of her and he did not know whether or not she was sick. She told him she had pains and he just supposed she was not well. He had never seen her since nor before. It had been two weeks since Dr. Beck saw her, when he was tried. On the last day of court defendant filed his amended motion for new trial. The district attorney had gone home and the courthouse is twenty-five miles from Texarkana. This is why no reply was made to his amended motion for a new trial, and this is why it is necessary for me to explain this bill of exception. The affidavit of E. C. Bryan is also annexed and made a part of this explanation. This was a scheme planned to continue this case. The

sickness of this witness and the frequent postponements for two terms of the court became a joke about the courthouse. When a woman lies down and says she is sick and refuses to give bond no sheriff feels like taking her by force. The defendant could have had this witness any day he wanted her. He preferred a chance to reverse the case to having her present. Owing to the contents of this explanation I deem it proper that it should be sworn to."

As stated by Judge Turner, he swears to the statements contained in the qualification of the bill, so if we consider the bill we must consider it in the light of his qualification, and attached to it and made a part of the qualification is the affidavit of deputy sheriff Gaines, who swears that in August when Mrs. Preston was reported sick he went to her residence, and found it locked up, and she was visiting on the Arkansas side; he could not serve process on her for that reason. That in January, on the day after the trial, Mrs. Preston was on the streets of Texarkana, "apparently well and dressed up." In the light of this explanation of the court we can not say that he erred for from the recitals it appears that he had just cause for thinking the court was being trifled with. Again, while in the application it is stated that he expects to prove and could prove by Mrs. Preston that she was present when the State's witness, James, came to his room and that he (appellant) sold him no whisky. However, attached to the bill of exceptions is the testimony of Mrs. Preston at the former trial, and she testified:

"I know Mr. Gaines the defendant. I know Mr. James who was sworn here at the time I was sworn. I do remember the circumstance of Mr. Gaines being arrested under a charge of selling some whisky to a man named James. I was at home most of that day and was up there at Mr. Gaines' house for a short while. I was up there when a young man came in—a tall young man. (The witness James is requested to stand up and does so.) I saw the man that was up there. I don't remember him being the same man that was up there. I don't remember him being the same man, or whether he was or not, because I never noticed him or paid any attention. I saw a man up there. I don't know how long it was before Mr. Gaines was arrested that I saw the man up there; it was in the afternoon. It must have been about 2 o'clock that the man was up there. I did not notice but one man up there that day. I could not say whether the man that just stood up was the man or not, because I don't remember. I could not say, for my life, whether he is the man or not."

It is thus seen that she does not identify the witness James as the person she is speaking of, and this being her testimony, we do not think it would have probably changed the result. A continuance is not granted as a matter of right, since the amendment of subdivision 6 of article 597 of the Code of Criminal Procedure, but is addressed to the sound discretion of the court called to pass on the same,

and it has been held by this court that it will not revise or review the judgment of the trial court refusing a continuance unless it is made to appear by the evidence adduced that the proposed absent testimony was probably true, and from all the facts and circumstances in the case we can not so hold, when the trial judge by his vigorous qualification manifests his view as exactly to the contrary. Koller v. State, 36 Texas Crim. Rep., 496; Lindsey v. State, 35 Texas Crim. Rep., 164, and cases cited in section 649, subdivisions 1 and 2.

There is another matter that would present a reversal of this case on account of the action of the court in overruling the motion for a continuance. It appears that the term of court at which appellant was tried adjourned February 3, 1912, while the bill of exceptions was not filed until May 3, 1912. There is no order in the record extending the time in which to file a bill beyond the thirty days allowed by law, and for this reason the bill should not be considered, and unless the action of the court is excepted to and preserved by bill of exception filed within the time permitted by law, we are not authorized to consider it, nor reverse a case, even though the action of the court was erroneous. Appellant stated orally to the court in his argument that the bill was presented to the court within the time, and the court held it and did not approve it until the day it was marked filed. This, if shown by the record (which is not done), would not authorize us to consider the bill. Riojas v. The State, 36 Texas Crim. Rep., 182. It seems to be held that it is the duty of counsel to follow up his bill and see that it is approved and filed within the time permitted by law, and if the judge does not act on it to prepare and file a bystanders bill.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, Presiding Judge, not sitting.

### ON REHEARING.

#### October 16, 1912.

HARPER, JUDGE.—In the original opinion it is stated that no order was made extending the time in which to file bills of exception. Appellant calls our attention to an order extending the time ninety days, and we write this that no censure may be attached to counsel by anyone. However, we are still of the opinion that the court did not err in overruling the application for a continuance, viewed in the light and qualification and endorsement of the court, and which in law becomes a part thereof, when relied on by counsel. Counsel in his brief severely criticises the trial court on account of such endorsement, but he did not except to the action of the court in so doing. In Blain v. State, 34 Texas Crim. Rep., 448, this court pointed out the remedy in case counsel thought the court quali-

fied his bill improperly, and unless counsel pursues that course we are unable to give him any relief. As this is the sole question in the case, the motion for rehearing is overruled.

*Overruled.*