MARY GRAYSON v. THE STATE. :

No. 6137. Decided May 19, 1921. .

Rehearing denied February 22, 1922. ·

1.—Murder—Continuance—Rule Stated—Discretion of Court.

The truth, merit, and sufficiency of an application for continuance are first addressed to the trial court to consider; not as matters of right, but as subject to a sound discretion, and where upon appeal, after overruling a motion for new trial, it is not apparent from the record that the absent testimony was so probably true as to manifest an abuse of discretion of the trial judge, there is no reversible error; especially, where no affidavit is appended to appellant's motion for new trial.

2.—Same—Charge of Court—Bills of Exception.

In the absence of a bill of exceptions to the court's charge, the same cannot be reviewed on appeal.

3.—Same—Argument of Counsel—Practice on Appeal.

Where State's counsel, in his argument stated that the fact that the court had charged on self-defense was not to be taken as an indication of the belief of the court that such theory was supported by the testimony, etc., there was no reversible error.

4.—Same—Bills of Exception—Rule Stated.

Ten pages of narrative of what occurred in the selection of the jury. in which numerous statements of objection are referred to does not comply with any rule regarding bills of exception, and presents nothing for review for this court.

5.—Same—Jury and Jury Law—Practice in Trial Court.

Where the State, by a consent of the court, agreed to challenge peremptorily each of the alleged absent jurors, and have such challenges charged to the State, and the State had not exhausted its peremptory challanges. there was no error in refusing attachments for said absent jurors.

6.—Same—Rehearing—Affidavit—Practice on Appeal.

Where a certain affidavit was no part of the record, the same should not have been considered by this court, and the opinion based thereon is withdrawn.

7.—Same—Continuance—Rehearing—Practice on Appeal.

Where upon motion for rehearing, it was insisted that this court had fallen into error in upholding the action of the trial court in overruling a motion for continuance, the record is again considered and no error being found in this respect, the judgment below must be affirmed.

8.—Same—Applications for Continuance—Discretion of Court.

All applications for continuance are addressed to the sound discretion of the court, and if it does not appear upon motion for new trial that the absent witness or witnesses were material, and that the facts set forth in said application are probably not true, a new trial should not be granted and there was no reversible error in the instant case.

Appeal from the District Court of Cottle. Tried below before the Honorable J. H. Milam.

Appeal from a conviction of murder; penalty, eight years imprisonment in the penitentiary.

The opinion states the case.

*W. J. Arrington*, and *Chas. L. Black*, for appellant.—On question of continuance: Keys v. State, 60 Texas Crim. Rep., 279; Roberts v. State, 150 S. W. Rep., 627; Brown v. State, 162 id., 339; Gilcrease v. State, 33 Texas Crim. Rep., 619; Curley v. State, 54 Texas Crim. Rep., 433; Morgan v. State, 113 S. W. Rep., 934; Howard v. State, 23 Texas Crim. Rep., 365.

*R. H. Hamilton*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Cottle County of the offense of murder, and her punishment fixed at confinement in the penitentiary for a period of eight years.

Appellant asked for a continuance because of the absence of three witnesses as to threats of deceased. Arrested one day, she secured process for said witnesses the next. Subpoena for an in-county witness was at once delivered to the sheriff, but no return was made by said officer. Subpoenaes for two out-county witnesses, were mailed the day of issuance to the proper officer of each county. One was returned without signature of the officer to whom sent, and the other was not returned at the time of trial. This shows diligence. The truth, merit and sufficiency of the application for a continuance are first addressed to the trial court and considered, not as matters of right, but as subject to a sound discretion. A decision adverse to the accused in the first instance, should be in her favor when the motion for new trial is passed upon, if the facts adduced on the trial show the materiality and probable truth of the absent testimony. Art. 608, Vernon's C. C. P. Unless on appeal, we should think there had been abuse of sound discretion of the trial court, we would uphold his acts. Was the absent testimony probably true, and was it material, not merely would same have been admissible, but, viewed in the light of the facts, is there reason to believe same would have in any way changed the verdict? We do not think it apparent from this record that the absent testimony was so probably true as to manifest an abuse of the discretion of the trial judge, who may have concluded it false. No affidavit of any of said witnesses was appended to appellant's motion for new trial, notwithstanding one of them was a resident of the county where the trial took place, and no reason is given why his affidavit was not obtained. The testimony as to threats communicated by these witnesses to appellant before the homicide, was not mentioned by her in any way

when on the witness stand, nor did she claim to have placed any reliance in same.

We have thoroughly digested the facts as to their materiality. The State introduced five eyewitnesses to the homicide, none of whom saw deceased with a knife or other weapon at or near the time she was killed, and none of whom heard her make any threats or say anything at said time against appellant. Their evidence makes it reasonably certain that appellant was the aggressor in the fatal difficulty, and that , after arming herself with a knife, she approached deceased with a threat as to what she would do if deceased said anything, and when the latter did say something appellant promptly stabbed her, and when deceased ran appellant pursued her and stabbed her again, from which death soon resulted. The only defense witness presented at the time of the killing was appellant herself. She said that deceased cut at her with a butcher knife, and in return she stabbed deceased. If the absent testimony would likely have led the jury to the acceptance of this statement of appellant, it was material, and the discretion of the trial court was abused in refusing a continuance for the purpose of obtaining such testimony, otherwise it was not. The record discloses that five witnesses testified to threats of deceased against appellant, Grady Jones, swearing that not more than two hours before the killing deceased told him she was going to kill appellant,—going to cut her heart out, and that he told these things to appellant before the difficulty. There was no conflict of testimony or dispute over the issue of such threat being made and communicated. One of the main State witnesses testified to having heard deceased make threats against appellant. There being abundant proof of threats, without controversy, it occurs to us that by no sort of conjecture could we conclude that the absent testimony would have affected the verdict of the jury. The act of deceased relied on was so clearly one which, if true, gave the right of self-defense to appellant, that the question as to an act done of doubtful import, unless viewed in the light of threats made, could not have arisen in the minds of the jury. Nor could the absent testimony be material in the jury box, unless it was so to the accused when committing the homicide. Appellant nowhere refers in her testimony to any of the absent evidence as having been communicated to her. She does mention the threats testified to by the witnesses who were present at the trial, and says she thought it was all talk, and that she paid no attention to it. She said: "Up until the time I saw her with that butcher knife I thought she was all talk, and if she hadn't made a lick at me to cut me I wouldn't have done anything to her. These threats didn't have much bearing upon me, I just thought Mattie was all talk. The man's wife (indicating) told me about this woman having this gun for me. Grady told me that Sunday; then this other negro woman told me that Friday; so I still didn't pay any attention to none of it. Grady

told me about a week before this happened; Grady Jones told me the day of the killing that this woman said that me or her one had to die, he told me that twice, he told me again that very day we had the fight. It wasn't the same threats, he just told me I had better watch Mattie, because Mattie didn't like me, I says, 'She is always talking about what she is going to do.' He says, 'She is always talking about what she is going to do to you.' But he didn't say what it was. The very day I killed Mattie, about an hour before we had a fight, he says, 'Mattie said you or her one had to die;' he says, 'You or her one couldn't live in Paducah together.' I still didn't pay any attention to Mattie at all." If then, the threats in evidence, which were as bitter in tone as those expected from the absent witnesses, were of no weight with accused, we can not assent to the proposition that the absent testimony to the same effect would have been deemed material by her or by the jury. As to the alleged testimony of the absent witness Love, that he would swear that he was present at the time of the difficulty and saw same, and saw deceased attack appellant with a butcher knife,—suffice it to say that of the six eyewitnesses, including appellant, who testified that they were in the room and saw the fatal difficulty, none of them mentioned said Love as being present. Appellant named the persons present twice in her testimony and did not call the name of said Love either time. We think there appears no abuse of the discretion of the trial court, and that his conclusion as to lack of probable truth and materiality of said absent testimony is supported.

In our view of the case there was no testimony remotely tending to raise the question of apparent danger. The theory that deceased had a butcher knife or other weapon at the time of the killing, finds no support except in the testimony of appellant herself, and she testified repeatedly that deceased struck at her with said butcher knife,—and that she would not have cut deceased but for the fact that she cut at her with said knife. The refusal of a special charge on apparent danger, under these facts, could not be error, there being a total absence of testimony raising that issue. The charge given by the trial court was very comprehensive, and told the jury that appellant should be acquitted if at the time she acted, she believed she was in danger of serious bodily injury or death at the hands of deceased. This would seem broad enough to include all belief of danger, whether real or apparent. The Singleton case, 86 Texas Crim. Rep., 401; 216 S. W. Rep., 1094, relied on by appellant, was reversed because of the failure of the trial court to sufficiently instruct the jury that the issues in self-defense must be decided from the view point of the accused at the time of the homicide, whether the danger be real or apparent.

In his brief, appellant argues the error of a portion of the court's charge, but we find in the record no exceptions taken to the charge at the time as is required by law.

In his argument to the jury the State's attorney told them in substance that the fact that the court had charged on self-defense, was not to be taken as an indication of the belief of the court that such theory was supported by the testimony; that if one accused swore to a homicide in self-defense, it would be the duty of the trial judge to submit that issue, even though every man in the court house should swear to the contrary. We do not regard this such violation of the rules of argument as would call for a reversal of this case.

Appellant's bill of exceptions No. 2 consists of ten pages of narrative of what occurred in the selection of a jury in which numerous statements of objection are referred to, all concluding with the statement, "that to all the actions and rulings of the court in the selection of the jury, defendant then and there excepted and tenders her bill of exceptions No. 2," etc. This does not conform to any rule regarding bills of exception known to us, and does not present anything in such manner as that we may consider same. We do not think the fact that the trial court refused to issue attachments for certain absent jurors, would avail appellant as being any invasion of her rights, when the State, by consent of the court, agreed to challenge peremptorily each of said absent jurors and have them charged as such peremptory challenges to the State. This being done would still have left the State unused peremptory challenges.

We have carefully examined each contention made by the appellant, and finding ourselves unable to agree therewith, an affirmance is ordered.

*Affirmed.*

### ON REHEARING.

### February, 22, 1922.

HAWKINS, JUDGE.—At a former day of this term an opinion on rehearing was delivered. It was based on an affidavit which had been transmitted to this court in a supplemental transcript, with a certificate from the clerk that the affidavit was a part of the proceedings below and was inadvertently omitted from the original transcript.

Our attention has been called to the fact that such affidavit is in no way authenticated by the trial judge; and that it does not appear from the record that such affidavit was ever introduced in evidence upon the hearing of the motion for new trial, or was in fact considered by the court. This being true the same should not have been considered by us, and the opinion based upon it is withdrawn, and this substituted therefor.

It is insisted that we were wrong in holding no reversible error to have been committed in refusing appellant's application for con-

tinuance. In so far as the application stated that she expected to prove communicated threats by the three absent witnesses, we believe the original opinion sufficiently discussed and properly disposed of the question on that issue. It was claimed that Henry Love, if present, would not only testify to threats, but would also testify that he was present at the time of the difficulty, and saw deceased attack appellant with a butcher knife.

So insistent has appellant been in urging that we fell into error in upholding the action of the trial judge in overruling the motion for new trial based upon his refusal of continuance for the witness Love, that we have again carefully examined the evidence, because it must be from the whole case that the trial judge and this court must view the matter when presented on motion for new trial.

A part of sub-division 6, Art. 608, Vernon's C. C. P., relating to applications for continuance, is as follows: "—— the truth of the first, or any subsequent application, as well as the merit of the ground set forth therein and its sufficiency shall be addressed to the sound discretion of the court called to pass upon the same, and shall not be granted as a matter of right; provided, that should an application for continuance be overruled, and the defendant convicted, if it appear upon the trial that the evidence of the witness or witnesses named in the application was of a material character, and that the facts set forth in said application were probably true, a new trial should be granted, and the cause continued for the term, or postponed to a future day of the same term."

The discretion lodged in the trial judge is to be exercised not in an arbitrary manner, but the alleged absent testimony is to be appraised by him in a fair and reasonable way in the light of the facts developed during the trial. Tested by that rule, what are the facts, undisputed save by appellant herself? She says in her application that Love was present at the difficulty, and would swear that deceased attacked appellant with a butcher knife. A butcher knife is a weapon not easily concealed, and readily discernible when in use. Not one of the many eyewitnesses claim to have seen a butcher knife in deceased's hands. Some of them say if she had one they failed to see it, and others swear positively that she did not have it. While the evidence shows that at former times the deceased had made violent threats against appellant, yet on the occasion of the homicide the testimony leaves no doubt that the latter was the aggressor. She had been put out of the house a short time before the killing, but came back and again accosted deceased, telling her in substance that if she opened her mouth she would kill her, and upon deceased telling her to "go on, that nobody said anything about you," appellant immediately stabbed her. All of the eyewitnesses were asked to give the names of those present in the restaurant at the time of the killing. There is little variance in the names given; but no witness, not even appellant herself, gives Love's name as one

of those present. In addition to this one witness testified that he left Love in the kitchen when he (witness) went in the restaurant, and that Love did not come out of the kitchen until after the killing.

Viewing the case as a whole, we think the trial judge was well within his rights in concluding that with all reasonable certainty Love was not present when the homicide took place, and that his proposed testimony as set out in the application for continuance was not probably true.

The motion for rehearing is overruled.

*Overruled.*