## T. E. EVANS v. THE STATE.

No. 6515.    Decided April 26, 1922.

**Assault to Murder—Aggravated Assault—Continuance—Motion For New Trial.**

Where it appeared from the record on appeal that there was a want of diligence as to two of the witnesses named in the application for continuance, and as to the other it appeared on motion for new trial that if the witness had been in court she would not have testified as claimed by the defendant and besides the motion for new trial was not supported by an affidavit from the witness, there was no error in overruling the motion.

Appeal from the District Court of Kaufman. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of aggravated assault; penalty, a fine of $500.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Appellant was placed upon trial on indictment charging him with assault with intent to murder one Belton Caldwell, which resulted in conviction for aggravated assault, the punishment being assessed at a fine of $500.

During the year 1917 W. F. Caldwell and his two sons, Obie and Belton, with their families, were tenants upon a farm in Kaufman County belonging at that time to Nestor Morrow. Some time during the year he sold the premises to appellant, who took possession about the first of December of that year. The Caldwells moved to another place and about January 3, 1918 were moving some of their property from appellant's premises. A controversy arose between appellant and the Caldwells with reference to an interest he claimed in some baled oat straw, the Caldwells claiming that he had no interest, he claiming that had and that he intended to keep some of it, and was loading it upon his wagons. Belton Caldwell came up during the controversy and asked appellant what it all meant and appellant again asserted that he was going to have a part of the oat straw when Belton told him he had no interest in it, and that he would have to return it or be made to pay for it. Appellant had carried his gun to the barn and W. F. Caldwell, seeing that appellant was rapidly losing his temper, stepped back in the barn where appellant had left the gun, unbreeched it and slipped the cartridges out and put them in his pocket. Appellant finally cursed Belton Caldwell, telling him that he would "send him to hell in his black box," seized the gun, presented it at Belton Caldwell and proceeded to˙snap the same a number of times at him. Belton had seen his father remove the cartridges and rather made light of appellant's efforts to shoot him. After some further conversation Belton Caldwell turned the gun loose and the Caldwells started to leave when appellant put two more cartridges in the gun and some one called Belton's attention to it. He jumped back and they all caught appellant, wrenched the gun out of his hands, took the cartridges out of it, unbreeched it, handed the stock to appellant and carried the barrels away. During the controversy or altercation there were present W. F. Caldwell, Obie Caldwell, Belton Caldwell, Mrs. Obie Caldwell, Pink Higgins, a negro, John Berryman, a negro, Lem Duncan and appellant.

When the case was called for trial in March 1919 appellant filed an application for continuance on account of the absence of Mrs. John A. Evans, who was alleged to be sick with influenza at the time, and whom appellant claims would have testified that she was present at the time of the difficulty and that W. F. Caldwell and his two sons assaulted appellant and threatened to beat his brains out before ap-

pellant ever attempted to shoot the said Belton Caldwell; he also asked for a continuance on account of the absence of John Berryman and Lem Duncan. The court qualified the bill of exception by stating that it was appellant's fourth application for continuance and for practically the same witnesses. The application for continuance itself states that it is the fourth application. We find in the record an application for continuance made in July 1918, on account of the absence of the witness John Berryman and another in December 1918, based upon the absence of the witness Lem Duncan. It appears from the record that Lem Duncan was a resident of Parker County, Texas. The last application for continuance states that from the family correspondence appellant asserts that said witness was in the United States army, and therefore beyond the reach of process of the court. The application for continuance is insufficient in so far as the witnesses Berryman and Duncan are concerned. It nowhere appears (if Duncan was in fact in the army) when that information came to appellant, and no effort seems to have been made to locate him and take his deposition. The application asserts that Berryman had been duly subpœnæd as a witness, but it nowhere appears when the subpœna was issued or when served on Berryman, or whether any additional process had ever been issued for the witness since the first application for continuance in 1918 had been made based upon his absence. So far as these two witnesses are concerned the application shows a total lack of diligence.

No subpœna for Mrs. John A. Evans is attached to the application, but assuming that she had been duly subpœnaed and was absent on account of sickness and that diligence was sufficient as to her, we will inquire into her purported testimony in view of the entire record before us. Mrs. John A. Evans is the daughter-in-law of appellant. It is asserted in the application that she was present at the time of the difficulty, but the record of the testimony controverts that assertion. No witness who testified in the case claims that she was present; even appellant's own testimony fails to show it. Appellant's wife was at the house, as was also Mrs. John A. Evans. Mrs. Obie Caldwell was present during the difficulty. The nearest appellant ever approaches even an intimation that his daughter-in-law was present at the time of the difficulty is in the following statement. "Obie's wife was present when this row came up and she ran up to my house and my wife and daughter-in-law came back down there." Appellant placed his wife upon the witness stand, who failed to testify to any fact helpful to appellant, but says: "I was at home on the second day of January, the day Mr. Evans is charged with having made an assault upon Belton Caldwell. It did not see any part of what occurred between Mr. Evans and the Caldwells." All of the testimony shows that the trouble was over before Mrs. Evans appeared on the scene.

As one ground for new trial appellant complains of the action of

the court in overruling his application for continuance.    In deter-
mining whether a mistake had been made in denying the application
it was the duty of the court in passing upon the motion for new trial
to take into consideration all the evidence in the case and in the light
of that conclude whether or not an error had been committed in his
former ruling.    In reviewing the action of the trial court in this
particular it is likewise our duty to look to all the evidence.    From
the entire record we conclude if Mrs. John A. Evans had been in court
she would not have testified as claimed by appellant.    We are led
to believe that she was not present during the difficulty, and that
she, like the wife of appellant, would have disclaimed all knowledge
thereof.    We are further confirmed in this conclusion from the fact
that no affidavit from this witness is attached to the motion for new
trial informing us or the trial court that she would in fact have testi-
fied as appellant claims she would.    We are therefore of opinion that
the court committed no error in overruling the application for con-
tinuance or in denying the motion for new trial based thereon.

The judgment of the trial court is affirmed.

*Affirmed.*