### J. A. WEAVER v. THE STATE.

No. 6756.   Decided May 3, 1922.

1.—Transporting Intoxicating Liquor—Indictment.

Where, upon trial of transporting intoxicating liquor, the indictment followed approved precedent, there was no reversible error. Following Ex Parte Gilmore, 88 Texas, 529.

**2.—Same—Continuance—Want of Diligence—Motion for New Trial.**

The law of diligence requires that the defendant use all legal means within his power to secure the attendance of witnesses, and if unable to obtain process, and the facts be shown, a postponement or continuance might be granted, but where the motion for new trial justified the trial court in concluding that had such witnesses been present, either they would not have testified as stated in the application or else had they done so their testimony would likely not have been true, and would not have produced a differed result, there was no error in overruling the motion.

**3.—Same—Rehearing—Continuance—Motion for New Trial—Practice on Appeal.**

When continuance on account of absent witnesses is denied, and error in that respect urged in motion for new trial, the trial judge and this court must determine from all the evidence on the trial, not only whether the alleged evidence of the absent witnesses was material, but also whether it was probably true, and where no abuse of discretion is shown, there was no error in overruling the motion for new trial on account of refusing an application for continuance.

Appeal from the District Court of Franklin. Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of transporting intoxicating liquors; penalty, one and one-half years imprisonment in the penitentiary.

The opinion states the case.

*Dial, Melson, Davidson & Brim,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Franklin County of transporting intoxicating liquor, and his punishment fixed at one and one-half years in the penitentiary.

The record contains no exceptions taken to the charge of the court, and none to the reception or rejection of any evidence. Nor is there complaint of the insufficiency of the evidence to support the verdict. Appellant moved to quash the indictment upon grounds which have already been disposed of by this court in Ex parte Gilmore, 88 Texas Crim. Rep., 529, but reserved no exceptions to the court overruling said motion, and the question is not before us. If it was we would hold in accordance with our views heretofore expressed.

The only bill of exceptions in the record was to the action of the trial court in refusing appellant's application for a continuance because of the absence of two witnesses. It was the first application. The witnesses had been summoned to appear on August 29, 1921. They did not appear on that day as far as we are informed by the record. No attachment or any character of alias process to secure their attendance, was then asked. The case was tried on August

30th. The witnesses were apparently so easy of access or well known as that process issued for them on one day could have been served the next. This is made apparent by the subpœna which had been obtained for said witnesses. It was issued on one day and served on both of said witness, the next day. Appellant is in no position to claim that had he obtained an attachment for said witnesses their attendance could not have been secured. The law of diligence requires that he use all legal means within his power to secure the presence of witnesses' testimony, and if unable to obtain this, and the facts be shown, a postponement or a continuance might be granted. It has often been held by this court that even where perfect diligence has not been shown, if upon the presentation of a motion for new trial based in whole or in part upon the refusal of such continuance, the trial court who has heard the evidence adduced, be not satisfied that the absent testimony was of such character when considered in the light of that heard on the trial as to be not probably true, or not material, or the court is not led to believe that had such witnesses been present they would not have testified as claimed in the application, fairness would seem to require the granting of a new trial.

In passing upon the refusal of the lower court to grant a motion for new trial in such case this court takes into consideration the discretion of said court in the matters just mentioned. The absent witnesses were Reynolds and Hunnicutt. The application for continuance set up that by Reynolds appellant would show that said witness case from an intersecting road into that upon which appellant was traveling in a car, at some point in Titus County, at which point appellant picked up a tow sack and placed it in said car, and that said witness would testify that he saw appellant pick up said sack, and that the sack contained broken fruit jars at the time. By the witness Hunnicutt it was stated appellant expected to show that said witness had ridden in the car with appellant a short time prior to a meeting hereinafter referred to between appellant and certain officers and witnesses, and that said Hunnicutt saw a tow sack in the bottom of said car and knew that it contained broken fruit jars and no whisky. The materiality of said absent testimony arises from the following facts: For some reason the sheriff of Franklin County suspected appellant, and on the day of the commission of the alleged offense herein said officer took some other parties and went to Hagansport, a village in the eastern part of Franklin County. Late in the afternoon appellant and a companion or two appeared in the road in a car coming toward said officer. Another car was at once driven into said road in such manner as to make it impassable, and the sheriff and another gentleman testified that as the car in which appellant was approaching the one driven crosswise of the road, appellant was observed beating repeatedly upon something in the bottom of the car. When said car stopped and the officers and witnesses went to same, a

tow sack was found in the bottom of the car on which was a hammer and in which were a number of broken fruit jars, and from which and through the bottom of the car, whisky was flowing copiously. The sheriff said appellant had his foot on the sack and did not seem willing for the sheriff to remove said sack. In varying languages a number of witnesses describe the quantity of whisky that was running out of the bottom of the car, one of them calling it a "sloof" and others saying that it took quite a while for it all to run out, and some of them saying they trailed the flowing liquor by odor and appearance back up the road a short distance. When the sheriff made an observation that something was running out of the bottom of the car, appellant said that the relator was leaking. After the State had introduced a lot of evidence the appellant took the stand and testified that there was no whisky running out of the car, and that he had broken no jars as they approached said parties, and that he had no hammer in front of the car but that on the contrary and as explanatory of the presence of the sack and broken jars, he stated that while coming through Titus county he observed a tow sack lying near the road and got out of the car and picked it up, and that after going a short distance he opened same and it contained a number of broken fruit jars but no whisky. That the sack being a new sack and the tops of said fruit jars being in good condition, he kept the sack in the car and was carrying it for the purpose of utilizing said sack and fruit jar tops. He said that Bob Reynolds rode on horse-back into the road about the time he picked up the sack; he also testified that some time after and while on the road they picked up Andrew Hunnicutt and his wife and baby and carried them up to a place called Meadow Curve where said parties alighter from the car. It appears in the record that appellant claims that Reynolds met the car in which he was, and it appears rather dubious as to what opportunity Reynolds could have had for knowing the contents of any sack which appellant might have picked up in the view of Reynolds while the parties were so meeting. The sack and flowing liquid described by the officers were in the front part of the car. There is nothing in the testimony of appellant to indicate how Hunnicutt could have seen or known the contents of such sack.

Applying the well settled rules, we do not think the trial court abused his discretion in refusing to grant a new trial in this case. In the light of the testimony adduced on behalf of the State, we think the court below justified in concluding that had said witnesses been present, either they would not have testified as stated in said application, or else had they done so, their testimony would not likely have been true and would not have produced a different result. As further supporting the proposition of no abuse of the trial court's discretion in the matter, we observe that appellant's motion for new trial was presented and acted upon ten days after the trial was had. Notwith-

standing the apparent accessibility of said witnesses, no affidavit of either was attached to said motion for new trial, or offered in support of the fact that had said witnesses been present on the trial they would have testified as stated in said application.

Being of opinion that no reversible error appears in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

May 3, 1922.

HAWKINS, JUDGE.—In our opinion some suggestion was made intimating a lack of diligence in not procuring attachments for the absent witnesses. Appellant, in his motion for rehearing, says a complete record will show that the witnesses were fined for disobeying the subpœna and attachments ordered, and asks that he be granted a writ of certiorari to have the record completed, or that he be permitted to amend the record by a supplemental transcript showing the facts. While want of diligence was suggested, an examination of the opinion will disclose that it was based on an entirely different proposition. In considering the motion for rehearing we will assume that a complete record, if before us, would reveal the facts alleged by appellant, and show complete diligence: by so doing it will not be necessary to delay the hearing to perfect the record.

When continuance on account of absent witnesses is denied, and error in that respect urged in motion for new trial, the trial judge and this court must determine from all the evidence on the trial, not only whether the alleged evidence of the absent witnesses was material, but also whether it was probably true. Sub. 6, Art. 608, Vernon's C. C. P. Note 34, under Art. 608, page 320, Vernon's C. C. P. for collation of authorities; Grayson v. State, 236 S. W. Rep., 1110. As was said in the latter case:

"The discretion lodged in the trial judge is to be exercised, not in an arbitrary manner. but the alleged absent testimony is to be appraised by him in a fair and reasonable way, in the light of the facts developed during the trial."

Two witnesses testified that as appellant's car approached where the officers were blocking the road appellant was leaning over in the car hammering on something. Four witnesses say whisky was flowing through the floor of the car; that the sack containing broken bottles was saturated with whisky, and the whisky could be traced back up the road some distance from where appellant's car stopped. The application for continuance avers that Reynolds would testify that he met appellant's car in the public road and saw him pick up a sack containing broken jars. When and where is not stated. It further alleges that Hunnicutt would testify that just prior to the officers

stopping appellant witness had been in the car and that the sack then contained broken jars.

For the trial court to have found the alleged evidence to be "probably true" in the face of the flowing whisky through the bottom of the car, would have resulted in a severe wrench of his judicial discretion, to say the least of it. We cannot escape the conclusion that the record shows no abuse of discretion on the part of the lower court. He was fully warranted in overruling the motion for new trial based upon refusal of continuance for want of probable truth of the evidence of the absent witnesses.

The motion for rehearing is overruled.

*Overruled.*