## Filimeno Cruz v. The State.

### No. 8711.  Delivered March 11, 1925.

### Rehearing denied May 27, 1925.

1.—Manufacturing Intoxicating Liquor—Continuance—Properly Refused.

Where an application for a continuance is presented on account of the absence of two witnesses, such application is properly refused where it appears improbable that such witnesses would testify, if present, as claimed by the defendant, or that their testimony, if given, would not probable be true. Following Johnson v. State, 35 S. W. 387, and other cases cited.

2.—Same—New Trial—Properly Refused.

Where an application for a continuance on account of the absence of witnesses has been refused, it is the duty of the trial court in passing on a motion for a new trial to consider the probable truth of the testimony expected from the absent witnesses, in the light of the evidence adduced on the trial, and when the facts as stated in the application do not appear to be probably true, a new trial should not be granted.

#### ON REHEARING.

3.—Same—New Trial—Continued.

A continuance is not granted as a matter of right since the amendment of subdivision 6 of Art. 597 (now 608) of the Code of Crim. Procedure, but is addressed to the sound discretion of the court called to pass on same, and it has been *held* by this court that it will not revise or review the judgment of the trial court refusing a continuance, unless it is made to appear by the evidence adduced that the proposed absent testimony was probably true. Gaines v. State, 67 Tex. Crim. R. 604, 150 S. W. 199, and other cases cited. Also see Sub. 6, Art. 608, C. C. P.

Appeal from the District Court of Gonzales County.  Tried below before the Hon. Lester Holt, Judge.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, three years in the penitentiary.

The opinion states the case.

*Midkiff & Green,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the district court of Gonzales County of manufacturing intoxicating liquor, and his punishment fixed at three years in the penitentiary.

There are but two bills of exception, one taken to the refusal of a continuance applied for before the trial actually began, and the other applied for while the trial was in progress. Each is sought because of the absence of the same witnesses, to-wit: Jesus Munos and Agroda Garcia.

The application states conclusions. It is not accompanied either by the application for process, or the process which is alleged therein to have been returned by the officer. It states that on the 12th of January 1924 defendant applied to the clerk for a subpœna; that same was issued on the 14th of January and forwarded to the sheriff of Caldwell County, and by him returned on the 21st of January with the notation thereon that "after diligent search and inquiry these witnesses could not be found; they moved from the place south of Lockhart four months ago." The case was tried on January 21, 1924. The allegation and proof of the date of the alleged offense was November 22, 1923, or two months prior to the date of trial. It thus appears from the said return that the absent witnesses had removed from the place where they lived in Caldwell County, if they ever did, two months before the date of the offense. The record thus strongly suggests the proposition that the actual residence of said witnesses was unknown and they did not live in Caldwell County on the date of the issuance of the subpœna to that county for them.

In the first application for continuance it is stated that appellant expected to prove by said witnesses that each of them was present at the home of appellant at the time the State will prove that officers found a still, mash, spirituous, vinous and malt liquor, capable of producing intoxication, on the premises occupied by defendant . . . and that said witnesses would testify that said still and mash were "not the property of these defendants, or either of them, nor was the liquor found by said officers the property of these defendants or either of them, nor was same found in the possession of these defendants or either of them, and that these defendants had nothing to do with the manufacture of said liquor at the time the State will prove they did. Said witnesses will further testify that they drank some of the liquor which the State will prove was found by said officers on said premises and that said liquor was not intoxicating, and that said liquor was not whiskey."

A raid on appellant's place was conducted by two officers on the 22nd of November, 1923. In a garage or auto shed adjacent to appellant's house the officers found a still in operation, consisting of a gasoline stove with two burners, on each burner being a large can of boiling mash or other liquid content, from each of which can a coil extended through a large candy bucket of water and from the end of which coil whiskey was dripping into a jar. The officers found in this room appellant and one R. Mayo. Outside this room near by

they found Candelario Cruz and Jose Gomez. They both testify that they saw no other men in or around the promises. They also testify that appellant was actually engaged in the manufacture of the liquor at the time they discovered him, one of them saying that he was pouring oil into the stove on which the boiling can set, and the other testifying that he was working around there. Both of them testified that when they went into the room and appellant saw that he was discovered, that he siezed a jar into which the whiskey was dripping and drank a good portion of its contents and that it made him very drunk. Candelario Cruz and Jose Gomez were present at the trial and were not used as witnesses. It was shown that the indictments against them had been dismissed. No effort to use them by appellant appears in the record. Appellant introduced no testimony except as to his character. He did not take the stand, nor did he attempt by any other witness to show the presence in and around the premises at the time of said raid of either of the two absent witnesses named in his application for continuance. The trial was on the date above mentioned, and the motion for new trial was presented and acted upon two weeks later and no affidavit of either of the alleged absent witnesses was appended as supporting the proposition that they would give the testimony said to be within their knowledge.

Aside from the fact that the residence of the witnesses appears to be dubious, we observe, relative to this testimony, several questions are raised. It is held that a continuance is properly refused where it is improbable that the absent witnesses would testify as claimed, or that their testimony would not probably be true. Johnson v. State, 35 S. W. Rep. 387; Pilgrim v. State, 59 Texas Crim. Rep. 231; Bost v. State, 64 Texas Crim. Rep. 464; Giles v. State, 148 S. W. Rep. 317. It is the duty of the trial court in passing on a motion for new trial to consider the probable truth of the testimony expected from the absent witnesses in the light of the evidence adduced on the trial, and such issue is to be determined not by an arbitrary but by a sound discretion. Harris v. State, 18 Texas Crim. App. 287; Irvine v. State, 20 Texas Crim. App. 12; Turner v. State, 20 Texas Crim. App. 56; Frazier v. State, 22 Texas Crim. App. 120; Bronson v. State, 59 Texas Crim. Rep. 17. When the facts as stated in the application for continuance are considered in connection with the evidence adduced and do not appear to be probably true, a new trial should not be granted. Cunningham v. State, 20 Texas Crim. App. 162; Harvey v. State, 21 Texas Crim. App. 178; Browning v. State, 26 Texas Crim. App. 432; Green v. State, 36 Texas Crim. Rep. 109; Singleton v. State, 57 Texas Crim. Rep. 560.

In the light of these decisions it must appear manifest that the trial court did not abuse his discretion in the refusal of the application. Two men who were present at the time the officers

made the raid and who were not under indictment at the time of trial, were in attendance at court and no effort made by appellant to use them to establish any fact tending to create doubt of his guilt, or to show his innocence. See Crawford v. State, 147 S. W. Rep. 229; Piles v. State, 32 S. W. Rep. 529; Jackson v. State, 31 Texas Crim. Rep. 552; Richardson v. State, 28 Texas Crim. App. 216. The fact of the presence of the two absent witnesses at the time the officers discovered appellant engaged in the manufacture of the intoxicating liquor, is positively denied by both said officers. Appellant's participation in such manufacture is positively averred by both said witnesses. Nothing in the record suggests any doubt of the truth of the testimony of said officers, nor suggests the truth of the expected testimony of the absent witnesses. Many authorities will be found cited on page 322 of Mr. Vernon's C. C. P. supporting the proposition that where the facts in the record positively contradict the proposed testimony, the overruling of the motion for new trial is not error.

What we have said above in regard to the application made for continuance before the trial began, holds true as to the application made during the trial. The officers both testified that appellant drank some of the whiskey that was dripping from the coil into the jar. The allegation in said last named application for continuance that said two absent witnesses would testify that the liquor which appellant drank on the occasion was liquor that had been left there by another party, appears to be so contradictory and at variance with statements made by all the witnesses as to bring it clearly within the rule last above announced.

Our attention is called to the fact that the sentence of appellant is not in conformity with the indeterminate sentence law of this State, as he was sentenced for a definite period of three years in the penitentiary. The judgment will be reformed so as that his sentence shall be for a term in the penitentiary of not less than one nor more than three years.

Believing the State to have given appellant that fair trial guaranteed him by our Constitution and laws, and that no error appears in the overruling of either application for continuance, and that the facts support the verdict of the jury, an affirmance will be ordered.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We said in our opinion that "When the facts as stated in the application for continuance are considered in connection with the evidence adduced and do not appear to be probably true, a new trial should not be granted." This statement is vigorously assailed as denying to one accused of crime the right

to have the jury determine the probable truth of the alleged absent testimony. We quote from sub. 6, Art. 608, C. C. P.:

"The truth of the first, or any subsequent application, as well as the merit of the ground set forth therein and its sufficiency shall be addressed to the sound discretion of the court called to pass upon the same, and shall not be granted as a matter of right; provided, that should an application for continuance be overruled, and the defendant convicted, if it appear upon the trial that the evidence of the witness or witnesses named in the application was of a material character, and that the facts set forth in said application were probably true, a new trial should be granted, and the cause continued for the term, or postponed to a future day of the same term."

It is the trial judge who must grant or refuse the new trial, hence with him necessarily must rest the judicial discretion of determining whether the alleged absent testimony is probably true in view of all other evidence heard during the trial. In Gaines v. State, 67 Texas Crim. Rep. 604, 150 S. W. 199, this court said:

"A continuance is not granted as a matter of right since the amendment of subdivision 6 of Article 597 (now 608) of the Code of Criminal Procedure, but is addressed to the sound discretion of the court called to pass on the same, and it has been held by this court that it will not revise or review the judgment of the trial court refusing a continuance unless it is made to appear by the evidence adduced that the proposed absent testimony was probably true."

To the same effect see Grayson v. State, 91 Texas Crim. Rep. 137, 236 S. W. 1110; Bedford v. State, 91 Texas Crim. Rep. 285, 238 S. W. 224; Weaver v. State, 91 Texas Crim. Rep. 637, 240 S. W. 543; Evans v. State, 91 Texas Crim. Rep. 579, 240 S. W. 916. Many other cases are collated under Sec. 305, Branch's Annotated P. C. If the absent witness makes affidavit that if present he would have sworn to the facts stated in the application for continuance, and such affidavit be attached to the motion for new trial, then discretion of the trial judge to determine the probable truth of such testimony does not operate. White v. State, 90 Texas Crim. Rep. 584, 236 S. W. 745, and many cases cited. For further collation of authorities upon the point see Sec. 336, Branch's Annotated P. C. No affidavits of the absent witnesses were attached to the motion for new trial in the present case, and the rule first announced applies. Wt have again reviewed the evidence in the record. In the light of its positive character we discern no error on the part of the trial judge in refusing a new trial the request for which was based upon his action in denying the continuance.

The motion is overruled.

*Overruled.*