HOLLIS v. STATE.   (No. 5086.)

(Court of Criminal Appeals of Texas. June 26, 1918.)

1. CRIMINAL LAW ⬤⟳595 (2)—CONTINUANCE—ABSENT WITNESS—IMMATERIAL EVIDENCE.

Refusal of continuance in prosecution for larceny for absence of witness is not error; his promised testimony being immaterial.

2. CRIMINAL LAW ⬤⟳956(5)—NEW TRIAL — ABSENT WITNESS—MOTION—AFFIDAVIT.

To motion for new trial for refusal of continuance for absence of witness should be attached her affidavit that she would have testified as alleged.

3. CRIMINAL LAW ⬤⟳409—EVIDENCE—STATEMENTS OF ACCUSED—TIME OF MAKING.

Statements of defendant to arresting officer are properly admitted over defendant's mere objection that they were made after his arrest; the officer testifying they were made before he had stated he intended to arrest.

Appeal from Criminal District Court, Tarrant County; Geo. E. Hosey, Judge.

Tom Hollis was convicted of theft, and appeals. Affirmed.

Homer L. Baughman and Durward McDonald, both of Ft. Worth, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

PRENDERGAST, J. Appellant was convicted of the theft of property of the value of more than $50, and assessed the lowest punishment.

[1, 2] The testimony was clearly sufficient to establish his guilt. We see no necessity for reciting the facts. There are but two questions raised. One is, he complains that the court erroneously refused his application for a continuance. He made it on account of the absence of two witnesses. One of these later reached the court and was introduced as a witness for, and testified in behalf of, the state, materially different from what appellant alleged he would. Appellant was indicted February 5th, and soon thereafter arrested. He had no process issued for the ab-

---

sent witness until February 15th, which was for the witness who was alleged to reside in Austin, Travis county. The process was returned February 21st, the return of the officer showing that the witness could not be found in Travis county after diligent search and inquiry. No other process was issued. He was tried the next day. The testimony of the absent witness, even if there was such a witness, and she would have testified as he alleged, was not sufficiently material to require a reversal. Besides, to his motion for new trial which was not acted upon until a week after his conviction, he attached no affidavit by her that she would have testified any such things he alleged she would.

[3] In his other bill he complains of the court admitting in evidence his statement to the officer who arrested him, his mere objection being that he made the statement after he had been arrested. The officer swore that he had the conversation with him, in which he made the statement objected to, before he arrested him, and that at the time he was not under arrest, and he had not even stated to him that he intended to arrest him. This bill shows no error. No other question is raised for discussion.

The judgment is affirmed.