CHARLEY WOODARD v. THE STATE.

No. 7741. Decided June 27, 1923.

Rehearing denied October 31, 1923.

1.—Selling Intoxicating Liquor—Date of Offense—Condition of State's Witness.

Where the court restricted the right to convict to a transaction on the fourth day of November, at which time the State's witness named as purchaser was, on the night before, said to have been drunk, testimony as to his drunkenness or sobriety after the date of the sale in question was irrelevant and inadmissible.

**2.—Same—Evidence—Impeaching Witness—Reprimanding Counsel.**

Where, as a predicate to impeach the State's main witness, defendant asked him if he had not sold whisky to Ralph Lee on November fourth, which the witness denied, there was no error in rejecting testimony to show that Lee bought whisky from said witness on the date mentioned, and the defendant's counsel repeating the same question several times was reprimanded by the court. Following Redwine v. State, 87 Texas Crim. Rep., 387.

**3.—Same—Motion for Continuance—Discretion of Court.**

Where the motion for new trial was not supported by the affidavit of the absent witness nor was the absence of such verification explained, and there was no abuse of discretion of the court, there was no reversible error. Following Hollis v. State, 83 Texas Crim. Rep., 612, and other cases.

**4.—Same—Rehearing—Continuance.**

Application for continuance was correctly refused for the reasons stated in the original opinion, and it may be added that had defendant's wife been present and testified, as set out in the application, it would not likely have influenced the jury to have returned a different verdict. Following Grayson v. State, 236 S. W. Rep., 1110.

**5.—Same—Evidence—State's Witness.**

Manifestly the fact that one was drunk two days or quite a length of time before an occurrence which he attempts to detail, could not have the accuracy of his relation of the events assailed or his credibility attacked by proof of the fact that he had been drunk at some time sufficiently long before that to enable him to have overcome the effect of such dunkenness, and the testimony rejected was not of such materiality as to call for a reversal.

Appeal from the District Court of Haskell. Tried below before the Honorable W. R. Chapman.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*C. J. Henson*, and *A. J. Smith*, for appellant. On question of continuance, Byrd v. State, 231 S. W. Rep., 399; Dixon v. State, 238 id., 227; White v. State, 236 id., 745; Grayson v. State, 236 id., 1110; Barton v. State, 227 id., 317.

*R. G. Storey*, Assistant Attorney General, for the State. Cited, cases in the opinion.

MORROW, PRESIDING JUDGE.—The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The date of the offense is laid on or about the 9th day of November, 1922. Goben is named as the purchaser. He testified that he arrived at the town of Rule on the 2d of November and left there on the 9th of that month; that on various occasions between those dates he

went to Townes' blacksmith shop; that on one of his visits there he bought from the appellant a quart of whisky for which he paid him seven dollars. This occurred, he said, about the 4th of November. His business was to buy whisky to entrap the offenders. He made a record of the date of the purchase. Another witness testified that he saw the transaction though he did not remember the date.

In instructing the jury, the court restricted the right to convict to a transaction occurring on the 4th day of November. Several witnesses testified on behalf of the appellant to the effect that Goben was drunk on the night of the 3d of November and also on the following day.

In several bills of exception complaint is made of the refusal of the court to receive evidence that Goben was drunk between the 4th and 9th of November. We perceive no evidence rendering relevant the inquiry touching the drunkenness or sobriety of the witness Goben after the date of the sale in question. His condition at and before that time was properly made an issue as it might have affected his credibility. There was evidence on both sides of that question.

As a predicate to impeach the witness Goben, appellant asked if he had not sold whisky to Ralph Lee on November 4th. This Goben denied. The court rejected testimony to show that Lee bought whisky from Goben on the date mentioned because it was an effort to impeach the witness Goben upon an immaterial issue. We do not understand from the bill how the selling of the whisky by Goben to Lee became pertinent. After the court had ruled that the inquiry was not a proper one, counsel, according to the bill as qualified, repeated the same question several times, and finally the witness answered it in the affirmative. The court reprimanded counsel and told the jury that neither the question nor the answer should be considered. It was not error for the court to exclude the testimony because it was immaterial. While a more appropriate time for the admonition of the counsel might have been chosen, the fact that it was done under the present circumstances does not impress us as being of such a prejudicial nature as would justify a reversal of the judgment. Redwine v. State, 87 Texas Crim. Rep., 387.

To prove an alibi the appellant sought to continue the case because of the absence of his wife. She was expecting to give birth to a child, and according to the motion, would have testified that for six days preceding the ninth of November, appellant was with her at their home about twelve miles distant from the place at which the sale was made. Her sickness at the time of the trial prevented her attendance. The court continued in session about a week after the verdict was rendered. The motion for new trial is not supported

by the affidavit or testimony of appellant's wife, nor is the absence of such verification explained. The circumstances do not indicate that in overruling the motion for new trial, there was an abuse of the discretion of the trial judge. Hollis v. State, 83 Texas Crim. Rep., 612; Walker v. State, 91 Texas Crim. Rep., 507, 240 S. W. Rep., 538.

We find nothing in the record requiring a reversal of the judgment. It is therefore affirmed.

*Affirmed.*

ON REHEARING.

October 31, 1923.

LATTIMORE, JUDGE.—It is earnestly insisted in the motion for rehearing that error appears in the refusal of a continuance. The continuance was for appellant's wife. It is stated in the application that she would testify that he was with her on the 9th of November, 1922 and each day for six days prior thereto and all the time of each day. This would include the 4th of November which was the day shown by the State witnesses as that on which the alleged sale of liquor was made and to which day the charge of the trial court restricted the jury in considering appellant's guilt. Reference is made in the opinion to the fact that the motion for new trial, based in part on the overruling of the application for continuance, was not supported by the affidavit of the wife. · Examining anew the statement of facts it appears that the city marshal of the town of Rule testified that he saw appellant in town on November 4th. The witness upon whom reliance was made to show the sale of liquor, testified that he bought it from appellant on the 4th. Witness Lankford testified that he went with witness Goben and was present when the latter bought the liquor in question. Appellant's witness Barton testified that on the 4th he saw appellant in the town of Rule and at Jim Townes' blacksmith shop, that being the place where the State claimed the sale of liquor was made. We observe in view of this testimony that the learned trial judge would have been justified in his conclusion that it was not error to refuse to grant the continuance, upon the further reasoning that had the wife of appellant been present and testified that her husband was not in Rule on the day of the alleged sale but was with her somewhere else, it would not be at all likely to have influenced the jury to return a different verdict. We discussed at some length in the case of Grayson v. State, 91 Texas Crim. Rep., 137, 236 S. W. Rep., 1110, rules applicable to the refusal of a first continuance and held therein that no

abuse of discretion of the trial court was shown. We think that discussion applicable to the instant case.

It is also insisted that we erred in upholding the action of the trial court in rejecting certain testimony to the effect that the prosecuting witness Goben was drunk on the night preceding the day of the alleged sale. In a case such as the one before us the effect of such proof could only have been as touching the credibility of the witness Goben in his narration of the facts transpiring in connection with the alleged sale. In his insistence upon this point appellant may have been misled by an inadvertent phrase in the original opinion, wherein we said that ''His condition at and before that time was properly made an issue.'' Manifestly the fact that one was drunk two days or quite a length of time before an occurrence which he attempts to detail, could not have the accuracy of his relation of the events assailed or his credibility attacked by proof of the fact that he had been drunk at some time sufficiently long before that to enable him to have overcome the effects of such drunkenness. An examination of the record in this case discloses that the alleged sale was on the afternoon of November 4th, and we are unable to see the importance or weight to be attached to testimony of the fact that said witness was drunk about 9 o'clock the night before. The learned trial judge permitted the appellant to introduce all proof available upon the proposition that said witness was drunk on the day of the 4th, either at the time of or before the alleged sale, and we observe that witnesses by whom appellant sought to prove that the witness was drunk the night before also testified to the fact that he was drunk on the day of the alleged sale. We do not think the evidence as to drunkenness the night before which was rejected, of such materiality as to call for a reversal of the case. We have examined each of the authorities cited by appellant and conclude those relative to this question only to hold that evidence of drunkenness becomes material as affecting the reliability and credit to be given the testimony of the witness claimed to have been drunk, when the drunkenness stands in such proximity to the occurrence about which the witness attempts to testify as to make it reasonably probable that his memory or knowledge of such occurrence could have been affected by such drunkenness.

Finding no error in the former opinion, the motion for rehearing will be overruled.

*Overruled.*