BUD THURMAN v. THE STATE.

No. 5170.   Decided May 7, 1919.

**Theft of Automobile—Argument of Counsel—Rule Stated.**

Where, upon trial of theft of an automobile, the district attorney pointed to the defendant and called him a thief and resorted to other abuse and villification of the prisoner, the same was reversible error. Following Parks v. State, 35 Texas Crim. Rep., 378, and other cases.

Appeal from the District Court of Potter. Tried below before the Hon. Hugh. L. Umphres.

Appeal from a conviction of theft of an automobile; penalty, two years of imprisonment in the penitentiary.

The opinion states the case.

*Reeder & Reeder*, for appellant.—On question of argument of counsel; McKinley v. State, 52 Texas Crim. Rep., 182, 106 S. W. Rep., 342.

*E. B. Hendricks*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—In this case appellant was convicted in the District Court of Potter County of the offense of theft of an automobile and his punishment fixed at confinement in the penitentiary for a term of two years.

It is unnecessary to state the facts in the case, and but one matter complained of will be noticed in this opinion. Appellant's bill of exceptions No. 2 is as follows:

"Be it remembered, that upon the trial of the above numbered and entitled cause and while the district attorney was making his opening argument to the jury, and after the evidence had closed and the court had read his charge to the jury, the district attorney used the following language of and concerning the defendant, to-wit: Mr. Miller: Sometimes it almost makes a man cuss when a Colorado thief with other thieves will come into your town and want to steal your property. Why, listen, he met the new man by the name of Gossett, eat supper with him and he paid for the supper and then stepped out on a street, he said he had been drinking, and then step out on the street and say: 'Well, I am sick. I had a few drinks with the other thieves and I believe I will step across over there,' that means across to the Elmhirst hotel from James' Cafe, step across over there, and he stepped across over there and he continued to complain about being sick—of course, you know he wasn't wanting to ever put his hands on this case. That is a lie on its face, you can look at him and tell that.'

"To which defendant's counsel then and there objected on the ground that it was abusive to the defendant and asked the court to instruct the jury not to consider the statements of the district attorney calling the defendant a thief and stating that the jury could look at the defendant and tell that he had lied, which instruction the court objected to and did not give to the jury, and the defendant then and there in open court duly excepted, whereupon the district attorney continued his argument as follows: Mr. Miller: I think I have a right to say what he looks like when he offers himself here in evidence. Well, lets go back. You know Judge hates to be hit mighty hard. Whereupon counsel for defendant objected to the statement of the district attorney and took a bill of exceptions to same for the reason that he had the right to make legal objections to the court without having it hurled back at him that he hated to be hit, and that the statement of the district attorney was improper and prejudicial to the rights of the defendant. Whereupon the court stated that counsel had the right to make objections when he saw proper and thereupon the district attorney used the following language: Mr. Miller: Well, I have no objection to his making objections, glad to hear him object. because you know he has got to rely, gentlemen, upon something other than the facts in this case. Listen, this thief that looks like a thief and is a

thief (pointing to defendant). Whereupon counsel for appellant again objected and excepted on the ground that the language of the district attorney was abusive, out of the record, improper and prejudicial to the rights of the defendant and again requested the court to instruct the jury not to consider said abusive language of the district attorney wherein he stated of the defendant 'this thief,' that looks like a thief and is a thief' and the court again declined to, and did not instruct the jury not to consider said abusive language against the defendant, whereupon the district attorney continued throughout the remainder of his opening argument and through his entire closing argument abusing the defendant by branding him as a thief and calling him a thief and saying he looked like a thief' all of which is shown by the following excerpts from said argument:

"Mr. Miller: Gossett takes him for a ride, and you know there isn't a human being in the world, not one outside of this thief, gentlemen of the jury, has seen Gossett, and he, the defendant himself, never told a human being, and even told a different story to the police when they arrested him, that it was his car that he got into, if it wasn't his he was mistaken and he got into the wrong car. Don't that show that he is a thief, and don't it show, gentlemen of the jury, that no man by the name of Gosset was around the car or had anything to do with it but that it is a subterfuge, a lie born and bred in a thief's mind and perpetrated upon you men and attempted through counsel to make you swallow it and turn a guilty damnable thief loose, associating with automobile thieves and going through the country, thieving, going through the country thieving. And then require, gentlemen of the jury, us and counsel will have the nerve to ask you, gentlement of the jury, in the face of contradictory statements like that, to acquit the defendant, and counsel will, gentleman. not only in the face of contradictory statements, but in the face of the most inconsistent contradiction by the manner and mode of carrying out an operation of that kind, will ask you to acquit him in the face of those contradictory acts and conversations on his part, and looks of the defendant upon the witness stand which shows that his every statement was false and untrue.

"And the district attorney continued through the course of both of his arguments denouncing the defendant as a thief and saying that his looks showed he was a thief and a perjurer, and that he had been guilty of perjury in this very trial as a witness in his own behalf and his each and every statement was false and untrue, to all of which statements, actions and conduct of the district attorney defendant by his counsel then and there in open court duly excepted and here now tenders this his bill of exceptions No. 2 and prays that the same be examined, approved and ordered filed as a part of the

record herein.'' This bill is approved in its entirety by the trial judge.

It is unfortunate that one accused of crime and who is followed by the presumption of innocence until the verdict of the jury is announced should be deprived of his right to a fair argument and presentation of his case to the jury by the character of address shown by the above bill of exceptions. It is regretable that the State has to pay the added expense of another trial made necessary by a speech to the jury which is so wholly violative of the rules. This court has often admonished prosecuting attorneys of the impropriety of such remarks and again calls attention to the fact that it is, unnecesary in order to get juries of this State to convict in proper cases, to resort to abuse and villification of a prisoner who must, perforce, sit helpless and mute except as his counsel may protest and the courts rebuke. Crawford v. State, 15 Texas Crim. App., 501; Ricks v. State, 19 Texas Crim. App., 308; Coyle v. State, 31 Texas Crim. App., 604; Patterson v. State, 60 S. W. Rep., 560; Bishop v. State, 72 Texas Crim. Rep., 1; Parks v. State, 35 Texas Crim. Rep., 378.

For the error in the character of argument, the judgment is reversed and the cause remanded

*Reversed and remanded.*