Ernest Stroehmer v. The State.

No. 8450.    Delivered April 22, 1925.

1.—Possessing Intoxicating Liquor—Charge of Court—Failure to Submit Issue—Error.

Where the state relies for a conviction upon the law of principals, and the court gives this law in charge, and the theory of the defense is that while present at the time and place of the commission of the offense, that he did not participate in any way in its commission, a special charge requested submitting this defense should have been given.

2.—Same—Improper Conduct of Witness—Reversible Error.

The state relied in this case for a conviction on the testimony of the sheriff. While on the witness stand said witness became violently incensed toward the defendant, and in the presence of the jury denounced the defendant, and accused him of laughing at him, (the sheriff) and in a loud and excited manner told the defendant that he had already had enough trouble with him, and did not intend to stand any more of it. While the court charged the jury to disregard this outburst, we regard the incident as so harmful and unwarranted as to necessitate a reversal of the case. Following Haggard v. State, 269 S. W. 438 Cooper v. State, 72 Tex. Crim. Rep. 645.

Appeal from the District Court of Caldwell County. Tried below before the Hon. M. C. Jeffrey, Judge.

Appeal from a conviction of possession of intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*R. B. Ellis, E. B. Coopwood,* and *Black & Morrow,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, Judge.—Appellant was charged by indictment in the district court of Caldwell County with unlawfully possessing intoxicating liquors in one count and with transporting intoxicating liquors in the second count of the indictment, and was found guilty on the second count on August 2, 1923, and his punishment assessed at one year's confinement in the penitentiary—the court having withdrawn from the consideration of the jury the first count in said indictment; and from said conviction appellant has appealed to this court, assigning errors set out in bills of exception from 1 to 12, inclusive, for a reversal of this case.

Appellant complains of the failure of the court to give his special charge to the jury as set out in bill of exception No. 4, which was to the effect that, although the jury might find from the testimony

that other persons did move the intoxicating liquors from one car to another about fifteen feet and that the defendant was present at the time, defendant would not be guilty unless the testimony shows beyond a reasonable doubt that the defendant at the time aided the other persons by acts or encouraged them by words or gestures, etc. We believe, in view of the court's general charge to the jury, wherein in the third paragraph the court charged on principals to the effect that when an offense is actually committed by one or more persons but others are present and knowing the unlawful intent aid by acts or encourage by words or gestures those actually engaged in the commission of the unlawful act, such persons so aiding or encouraging are principal offenders and may be prosecuted and convicted as such, that the special charge requested, although not as full as it could have been, should have been given by the court, because there was no charge given to the jury in this case affirmatively presenting this issue for the defense.

It appears from the record in the case that the State relied for a conviction upon the testimony of the sheriff, Ellison, and by bill of exception No. 6 appellant complains of the conduct of the sheriff while upon the witness stand, in which it is stated that said witness, in an excited and angry manner and loud tone, in the presence of the jury accused the defendant of laughing at him while testifying and giving him the ''horse laugh'' and ''making faces'' at the witness and that said witness shook his hands and fingers at the defendant and in a loud and excited manner stated he would not stand for the defendant to look at him in that manner and told the defendant that he had already had enough trouble with him and did not intend to stand any more of it. The court's explanation of this bill states that while the witness was on cross examination he was asked, ''I understood you to say as far as you could see he did not touch the bundle?'' whereupon the witness stepped down off the witness stand and, facing and pointing at the defendant, said, in a loud, angry and excited manner, ''If Mr. Stroehmer don't stop laughing, I can not go through this investigation with that gentleman sitting there that way. I will not stand for that man sitting there making faces and smiling and giving me the horse laugh. You know I can not stand that and I will not. I ask the court for permission for a little recess until I can straighten out. If the court please, I have had enough trouble in this case and with that man sitting there that way, I can not stand it'',—and the court instructed the jury not to consider the remarks of the sheriff for any purpose.

We are in serious doubt as to whether or not the court under such circumstances was able to withdraw from the jury the damaging effect that such conduct was likely to have upon them, and, it being a close question in the case, we are unable to say it was not

harmful to the defendant. As it appears from the record, it must have created considerable excitement, and was a direct statement to the jury that the defendant was anything else but the kind of a man that he ought to be and that he had given the sheriff quite a lot of trouble. We are of the opinion that this bill discloses a state of facts that will require a reversal of the case, although the court instructed the jury not to consider same. Haggard v. State, 269 S. W. 438; Cooper v. State, 72 Texas Crim. Rep. 645.

In bills of exception 10, 11 and 12 appellant complains of the action of the district attorney in his closing argument to the jury. These and other matters raised in the other bills of exception are not likely to occur upon another trial, and from the disposition made of this case it is necessary for us to pass upon same at this time.

We are of the opinion that this case should be reversed and the cause remanded for a new trial, for the reasons stated, and the same is accordingly done.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.