### VAN DAVIS V. THE STATE.

No. 9767. Delivered February 3, 1926.

1.—Transporting Intoxicating Liquor—Evidence—Impeaching Witness—Properly Admitted.

Where, on a trial for transporting intoxicating liquor, appellant having introduced his daughter as a witness in his behalf, who testified that her father knew nothing of the presence of the whiskey in the car, there was no error in permitting the state, for the purpose of impeaching the witness to prove that she told the sheriff that she saw her father put the whiskey in the car, and the fact that this statement was made while she was under arrest, did not affect its admissibility.

2.—Evidence—Improperly Excluded.

Where appellant's defense against the charge of transporting intoxicating liquor was that he got into the car containing the whiskey at a certain filling station, only for the purpose of riding home, and without knowledge that the car contained whiskey, it was error to refuse to permit a defense witness to testify that he saw the appellant at the filling station before the car arrived, and saw him get in the car at the filling station.

3.—Same—Charge of Court—On Principals—Converse Should be Submitted.

Where the court charges on the law of principals, the converse of the proposition, embracing the defensive issue as it is raised by the evidence, should also be embraced in the charge. Following Reed v. State, 271 S. W. 627; Stroehmet v. State, 272 S. W. 163.

**4.—Same—Evidence—Acts of Third Parties—Improperly Admitted.**

Where appellant had introduced his daughter as a witness, it was error to permit the state on cross-examination to prove acts of and the presence of her husband and herself at another time and place where whiskey was being manufactured, the appellant not having been present nor in any way shown to have any connection with this extraneous offense.

Appeal from the District Court of Hunt County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Ramey & Davidson* of Sulphur Springs, and *Crosby & Estes* of Greenville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted in the District Court of Hunt County for transporting intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The record discloses that the officers arrested the appellant, his son, J. T. Davis, and a daughter, Mrs. Myrtle Wilkes, while on the road in an automobile, and found between the seats of the car 24 half-gallon jars of corn whiskey. The appellant defended on the ground that he had no interest whatever in the whiskey, and that he got into the car at Cooper, without knowing at the time that there was any whiskey therein, for the purpose of riding home, and when he discovered the presence of the whiskey in the car, he remonstrated with his son and insisted that same be taken out of the car; otherwise, he would get into trouble. The appellant in his defense showed by his witnesses, that J. T. Davis had the whiskey in the car which he had gotten in Oklahoma and had brought all the way from there to the town of Cooper, Texas, where appellant had gone for the purpose of selling cotton, and accidentally met his son and daughter at a filling station, at which place he got in said car only for the purpose of going home. The appellant's daughter, Mrs. Wilks, testified to a complete state of facts, which would, if believed by the jury, exonerate him in this case. While upon the witness stand she was asked, over the appellant's objection, if she did not tell the sheriff while she was arrested and in jail, that she saw her father put said whiskey

in said car. The state then introduced the sheriff, who testi-
fied to her making such statements.  The appellant complains
of the action of the court in this respect upon the ground that
same was hearsay acts and declarations made in the absence
of the appellant, and while said witness was under arrest. The
bill shows that the court admitted this testimony for impeach-
ment purposes. We think there is no error shown in this in-
stance.

In bill of exception No. 4 appellant complains of the action
of the court in refusing to permit him to prove by the witness
Dalton that he saw the appellant at the filling station in ques-
tion about 7 or 7:30 on the evening before appellant's arrest
the following morning, as he was on his way home, that he
saw and spoke to appellant at a filling station in Cooper, and
saw an automobile drive to the filling station, and appellant
said, "Yes, I can go home in this car"; that said witness saw
appellant go up to the car and saw someone getting out of it,
at which time the witness left and started on towards his home.
We think the court erred in refusing to permit this testimony,
as same was clearly admissible for the purpose of proving the
appellant's defense, and in corroboration of the testimony of
his daughter, Mrs. Wilks.

Complaint is also urged to the action of the court in his
general charge in not charging the converse of the law on
principals, and in refusing defendant's special charges sub-
mitted on that issue. We think that this complaint is well
taken, and that the court, after defining the law on principals,
and charging the jury in favor of the state thereon, committed
error in refusing to charge the converse of the proposition,
applying the appellant's defense as raised by the testimony
in this case to the effect that although if they believed that he
was present, but had no interest in the whiskey in question
and was not aiding or encouraging J. T. Davis in the trans-
porting thereof, to acquit him. Reid v. State, 271 S. W. 627;
Stroehmer v. State, 272 S. W. 163.

Appellant also complains of the action of the court in per-
mitting the state, over his objection, upon cross-examination
of the witness Mrs. Wilks, to interrogate her relative to her
husband's being in a smoke house of a negro by the name of
Lewis, where a still was being prepared for operation when
the sheriff of Hopkins County arrested him, and to ask her if
she was not present with her husband at said time, or a few
feet away from the smoke house at said time, and to permit-
ting the state to introduce as a witness the said sheriff, who

testified to seeing the witness Mrs. Wilks at said time and place, and to arresting her husband at said still. The objection urged to this was that said testimony was hearsay, and in the absence of appellant, and in no way connected him therewith, and involved a subsequent transaction to the one for which he was on trial. We think this testimony was inadmissible, and in view of another trial, if tendered, should be excluded.

There are other questions raised in the record, but from the disposition we have made of this case, we think it unnecessary to discuss them at this time.

For the reasons above mentioned, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals, and approved by the Court.