EULA MAE FRANKLIN V. THE STATE.

No. 10216.   Delivered April 26, 1926.

Rehearing denied May 19, 1926.

1.—Robbery With Firearms—Argument of Counsel—Not Improper.

Where, on a trial for robbery with firearms, counsel for the state in his argument to the jury, referring to appellant said: "Gentlemen of the Jury: We can look at this negro and identify her the next time we see her. We know that she was lying. You know that she is nothing more than a hi-jacker." Such argument was not improper, although it is better practice for counsel for the state to refrain from expressing his opinion of the guilt of the accused. Following Pierson v. State, 18 Texas Crim. App. 563;

also see Branch's Ann. Texas P. C., Sec. 365. Distinguishing Hilson v. State, 258 S. W. 826, and other cases cited.

ON REHEARING.

2.—Same—Argument of Counsel—No Reversible Error Shown.

On rehearing our attention is called to the fact that we did not discuss specifically in our original opinion, appellant's complaint of the argument of states counsel, presented in his bill of exception No. 3; on examination of his bill, we are not lead to believe that the language complained of is of that injurious nature that would justify a reversal of the case, and the motion for rehearing is overruled.

Appeal from the District Court of Wichita County. Tried below before the Hon. P. A. Martin, Judge.

Appeal from a conviction of robbing with firearms, penalty five years in the penitentiary.

The opinion states the case.

*Mathis & Caldwell* of Wichita Falls, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for robbery with firearms, punishment fixed at confinement in the penitentiary for a period of five years.

F. J. Salmons testified that the appellant, a negro woman, presented a gun, which was cocked, and took from him $48.00 in money. He also had $4.00 in silver in his shirt pocket, and just as the appellant had taken the money from his shirt pocket, he knocked it out of her hand, whereupon he was struck in the head by some one and rendered unconscious. When he regained consciousness the woman was gone. The robbery occurred at night. Some ten days later, Salmons described his assailant to Scott, a deputy sheriff. Five days later Salmons observed the appellant walking along the street, followed her and caused her arrest. He was definite in his testimony that he recognized her at that time as the person who had robbed him and was likewise definite in his testimony upon the trial. He was uncertain as to the day of the month of the occurrence. He testified that he was twenty-seven years old, an oil worker, and a married man. Salmons had had a check cashed for $52.00 a few moments before he was assaulted. He received $48.00 in green-backs and $4.00 in silver.

The $48.00 was in the bosom of his shirt and the $4.00 in his pocket.

Scott, the deputy sheriff, testified that he made the arrest; that the appellant was pointed out to him by the witness Salmons.

Appellant testified that she was twenty-eight years of age and had resided at Electra for eight years. At the time of her arrest she was working for Mrs. Stephens. She denied any connection with the assault and said that she was in Wichita Falls on the night of November 20th, which was the date laid in the indictment, and that she had never seen the appellant until the time of her arrest. She claimed that she was in Wichita Falls a great deal of the time during November; that she was not positive about it being the 20th.

Scott testified to the description of the appellant given him by Salmons when he reported the robbery, and at the time of the arrest Salmons observed the woman on the street, hunted the officer and the two followed her and finally overtook her.

There was some conflicting testimony coming from the prosecuting witness, the appellant and the officer who made the arrest, touching the apparel of the prosecutrix and the character and quantity of cosmetic on her face.

It is to be observed that the State's case depended almost entirely upon the accuracy of the testimony of the State's witness Salmons. The appellant's theory was that Salmons' testimony was either untrue or unreliable by reason of his lack of previous acquaintance with his assailant and his meagre opportunity to fix her description upon his mind at the time of the assault. Salmons was positive, however, touching her identification; she was definite in the denial of her identity. The conflict between the two was sharp. If the State's testimony was true, the conclusion that the appellant was not telling the truth was not to be escaped. Commenting upon this state of the record, counsel for the State, appealing to the jury, said:

"Gentlemen of the Jury: We can look at this negro and identify her the next time we see her. We know that she was lying. You gentlemen know that she is lying. You know that she is nothing more than a hi-jacker."

The choice of language might have been more apt, but we think it is not to be characterized as an effort upon the part of counsel to state facts not in evidence, but that it is his conclusion drawn from the facts upon the trial. The appellant

was tried for robbery, of which "hi-jacker" is but another name. Beyond doubt, counsel for the State should refrain from expressing opinions of guilt. See Branch's Ann. Texas P. C., Sec. 365, and cases cited, including Pierson v. State, 18 Texas Crim. App. 563. But the non-observance of this rule does not always warrant a reversal. In fact, arguments in which are contained no statements violative of some mandate of the statutes must be weighed by the setting in which they occur and the result of the trial rather than by the words themselves. See Ballard v. State, 262 S. W. 85. The evidence was direct; in the verdict the minimum penalty was assessed. The result is referable to the judgment of the jury upon the controverted testimony rather than to prejudice resulting from the argument.

The precedents to which appellant refers are distinguishable from the facts at present in hand. In Hilson's case, 258 S. W. 826, there was a gratuitous abuse of an important witness for the accused, as well as statements by counsel of alleged facts injurious to accused and not supported by the evidence. In Thurman's case, 211 S. W. 785, is found a flagrant violation of the privilege of legitimate argument and the rule against abusive remarks about witnesses and accused. Stalling v. State, 234 S. W. 914, we think is not in point.

In the light of the record, the remarks complained of are not deemed such as to warrant a reversal of the judgment.

The other matter of which complaint is made is not deemed erroneous or of such importance as to justify discussion.

The judgment is affirmed.                          *Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Our attention is called to appellant's third bill of exception which we did not discuss specifically in our original opinion. This bill also relates to argument of State's counsel. We have examined the authorities cited in support of the complaint presented by this bill. We are not led to think the language complained of is of the injurious nature revealed in the cases relied on.

The motion for rehearing is overruled.          *Overruled.*