## L. M. Nichols v. The State.

No. 10489.    Delivered February 2, 1927.

### 1.—Murder—Argument of Counsel—Reversible Error.

Where on a trial for murder, the district attorney in his argument to the jury, referring to counsel for appellant, said: "When he says that those women is as good as my mother he is a black liar," and also threatened the jurors with being excluded from jury service if they returned a verdict of not guilty, this improper and reprehensible argument demands the reversal of the case, notwithstanding that the trial judge instructed the jury to disregard same.

### 2.—Same—Continued.

This court regrets very much the necessity for the reversal of cases because of improper argument. Room for proper argument is so wide that it seems unnecessary that language of this kind should be used. We know of no way by which the evil of such argument can be prevented. The only thing we can do is to call the attention of prosecuting attorneys to the impropriety thereof, and by reversals attempt to prevent the injury in a particular case.

Appeal from the District Court of Haskell County. Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction for murder, penalty twenty years in the penitentiary.

The opinion states the case.

*Brooks, Smith & Robinson* of Anson; *Stinson, Coombes & Brooks; T. J. McMahon* and *Roy L. Duke* of Abilene, for appellant. On improper argument of counsel for the state, appellant cites: Bishop v. State, 160 S. W. 705; King v. State, 101 S. W.

237; Smith v. State, 68 S. W. 995; McKinley v. State, 106 S. W. 342, and Smith v. State, 117 S. W. 966.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Haskell County of murder, punishment twenty years in the penitentiary.

Appellant has a number of bills of exception, each of which has been examined by us and in none of which do we observe any error, save in the matter herein referred to.

Appellant and his brother were in a car with two women shortly prior to the homicide, and it appears that both of said women testified for the defense upon the trial. Bills of exception Nos. 24 and 25 complain of statements made in argument by the Honorable District Attorney in his closing address to the jury. The remarks deemed objectionable and set out in bill of exceptions No. 24 are as follows:

"E. T. Brooks insulted you men and he insulted every man in this house and their wives and mothers, and I want to say that when E. T. Brooks, that man, gets up and argues to you gentlemen and tells you that Anna Morgan and Leola Durham is as good as your wife or your mother, he can't get by. When he says that those women is as good as my mother he is a black liar."

It appears that when this statement was made and objected to the learned trial judge did all he could by sustaining the objection and telling the jury not to consider such remarks, but the complaint is of injury resulting therefrom notwithstanding. The remarks complained of in bill of exceptions No. 25 are as follows:

"Before the State of Texas in this case could make Coleman Nichols testify they would have to offer immunity in this case, and, gentlemen, the State of Texas is not going to do that, for it is the State of Texas' theory that these two men murdered Doc Coker. I will take that back. If you like Judge Brooks said, I will say this: If you bring in a verdict of not guilty, Cole Nichols will go free, but not otherwise. But if you bring in a verdict of not guilty in this case, neither of you twelve men will ever sit on a jury in a case I am trying while I am your District Attorney."

It appears that when this statement was objected to the court

again instructed the jury not to consider the remarks of the District Attorney, and that thereupon the District Attorney made the following statement:

"Yes, Judge Brooks objects. I want to say that if you do bring in that kind of a verdict I will object, because I don't think justice has been done. I will say this: If it ever becomes my privilege to represent a defendant and you give him that kind of a verdict I'll grab you every time you come into the court room," to which another exception was reserved. We find ourselves unable to sanction any of the remarks made as set out in either bill of exceptions. There would appear to be small excuse for the representative of the interests of our state indulging in language such as we have quoted above when speaking of a brother attorney. We regard the statement set out in bill No. 25 as a direct threat, the evil effect of which we would not undertake to estimate. For one who has found sufficient favor with the voters of his district as to be elected to hold the responsible office of District Attorney, and who may hold that position for an indefinite number of years, and who has one side of every criminal case tried in the district courts of that district, to tell a jury in any given case that if they saw fit to bring in a verdict of not guilty in the case on trial no one of the jurymen could ever sit on any case being tried by him—seems to us a statement so palpably capable of injury as to necessitate the reversal of the case on trial.

This court regrets very much the necessity for the reversal of cases because of improper argument. Room for proper argument is so wide that it seems unnecessary that language of this kind should be used. We know of no way by which the evil of such argument can be prevented. The only thing we can do is to call the attention of the prosecuting attorneys to the impropriety thereof, and to attempt by reversal to prevent the injury in a particular case.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*