## OSCAR HANSON v. THE STATE.

No. 20673. Delivered January 3, 1940.
Rehearing Denied May 8, 1940.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is passing a forged instrument. The punishment assessed is confinement in the State penitentiary for a term of two years.

The record shows that on the 24th day of February, 1939, appellant appeared at the store of the Wilson Grain Company in Coleman County and attempted to pass to the manager thereof the following check:

"THE FIRST NATIONAL BANK OF HUBBARD, TEXAS
"February 22, 1939.
"Pay to J. C. Roberts or order_____$22.50
Twenty-two and 50/100_____
"W. E. Sanders"
The check was endorsed as follows: "J. C. Roberts, Santa Anna."

Mr. Wilson became suspicious, declined to accept the check and called the officers. The sheriff accosted appellant, told him who he was, and invited him to his office where he stated that he desired to speak to him. On the way, the appellant took the check in question from his pocket, undertook to swallow the same, but the sheriff knocked him down and with the aid of some other officers, obtained the check. In about 20 or 30 minutes, appellant made a voluntary confession to the county attorney, in which he admitted that his name was Oscar Hanson and that he wrote the check in Coleman, Texas, and signed the name of W. E. Sanders thereto; that he did not know anyone by the name of W. E. Sanders. That he endorsed the check by writing the name of J. C. Roberts on the back thereof. On the same day and only a few hours prior to the time he attempted to pass the check in question, he passed a check, similar in every respect to the one in question, to Roscoe Brooks in Brownwood, Texas.

On his trial, appellant took the witness stand and testified that he obtained the check from one J. C. Roberts at Fort Worth on the 23d day of February, 1939, as part payment for nine

calves. That Roberts authorized him to write his name on the back of the check, because he had no pen or pencil with him with which to make the endorsement. He also testified that at the time he made the purported confession he was dizzy and did not know what he was doing. That the officers had just knocked him down and choked him. That sometime after his arrest he wrote to W. E. Sanders at Hubbard, Texas, informing him of the trouble that he was in on account of the check. That Sanders replied to the letter and returned the amount of money specified in the check. He offered the letter which purported to have been written by Sanders in evidence. In his testimony relative to the sale of the calves to Roberts, and the authority to endorse the checks, he was supported by the testimony of Mrs. Susie Wilson. At the conclusion of the testimony, appellant sought to have the court instruct the jury to return a verdict of not guilty on the grounds that the evidence was insufficient. The court declined, and in this we think he was justified. There was an abundance of evidence upon which the jury could reasonably base their conclusion of his guilt.

By bill of exception number one, appellant complains of the action of the court in overruling his first application for a continuance based on the absence of J. C. Roberts and W. E. Sanders of Hubbard in Hill County. He alleged in his application that he expected to prove and would prove by Sanders the sale of the calves and that he, (appellant), had the authority to endorse the checks as above described. That he expected to prove by Sanders that he, Sanders, issued the checks payable to J. C. Roberts. Process was duly issued, but the sheriff of Hill County stated in his return that no such persons lived at Hubbard; that he could find but one J. C. Roberts, who resided at Mt. Calm in Hill County, and but one W. E. Sanders, who resided at Hillsboro, both of whom had been summoned by the State. The motion for continuance was further controverted by the State, and the sheriff also testified that he knew there was no other Sanders or Roberts in Hill County. A number of other persons from Hill County, including some from Hubbard, testified that no such person as W. E. Sanders lived at Hubbard. The sheriff testified that he even searched the tax rolls for the names of the persons in question but was unable to find them thereon. The cashier of the bank, E. H. Brown, testified that the Sanders and Roberts called by the State were the only ones he knew of by that name living in Hill County. Both W. E. Sanders and J. C. Roberts took the stand and testified that aside from themselves, (who appeared

to have no connection with the transaction whatsoever), there were no other persons in that county by the same name. While it is true that the facts which appellant alleged he expected to prove were very material to his defense, the proof as to the existence of such persons is very doubtful to say the least. They appear to be more imaginary than real. Under these circumstances, we would not be justified in disturbing the ruling of the trial court thereon.

By bill of exception number two, appellant complains of the admission in evidence of his purported voluntary confession, on the ground that it was not freely and voluntarily made. That it was obtained by force, duress and the like. This issue was controverted by the State's testimony and the issue thus made was submitted to the jury by a proper charge. Consequently appellant has no just grounds for complaint. See Blake v. State, 7 S. W. (2d), 579.

Bills of exceptions numbers 3, 12, and 13 relate to the action of the district attorney, who on cross-examination of the appellant confronted him with some blank checks of various banks which appellant admitted that he had. He objected to any and all questions relative to the checks, other than the checks in question, on the ground that it had no bearing on the case, would necessarily encumber the record and tend to prejudice the jury against him. No objection seems to have been made, however, on the ground that these checks had been obtained without a search warrant, according to these bills as they are qualified by the court. The court further states in his qualifications that there was no evidence offered that the checks were taken without a search warrant and while appellant was under arrest. That his purpose in admitting the evidence was to show the intent of the defendant. It is our opinion that the bills as thus qualified fail to reflect reversible error. See Escue v. State, 106 Tex. Crim. Rep. 506, 18 Tex. Juris. p. 71.

By bill of exception number four, appellant complains of the testimony given by Roscoe Brooks to the effect that on the 24th day of February, 1939, appellant came to his place of business to buy some baby chickens to be delivered to him at Blanket, Texas. That appellant gave him a check in the sum of $22.50 drawn on the First National Bank of Hubbard, Texas, by W. E. Sanders payable to J. C. Roberts. That the check was not paid by the bank but returned to him. That a few days later he received a money order from Oscar Hanson covering the amount of the check. This bill of exception is qualified by

the court, who states that on direct examination by the district attorney, the witness merely testified that he had a transaction with the appellant on the 24th day of February, at which time appellant told him his name was J. C. Roberts. The matter relative to the purchase of the baby chicks and the giving of the check was all brought out by appellant on cross-examination. Then on re-direct, after appellant had gone into the matter, the State offered the check in evidence and proved by the witness that when he sent it in for collection, it was not paid by the bank but returned to him. We are of the opinion that this testimony was admissible since it tended to show fraudulent intent and system. Appellant employed the same means, resorted to the same scheme, to obtain $10.50 in cash on the check from Brooks as he did in trying to pass the check in question. See for example Vol. 18 Tex. Juris. Secs., 36 and 38, pp. 70-74; Escue v. State, supra.

We do not deem it necessary to discuss bill of exception number five, because the court sustained appellant's objection to the proferred testimony and instructed the jury not to consider the same for any purpose. Moreover the same testimony seems to have been gotten before the jury without objection on appellant's part. See Sparkman v. State, 82 S. W. (2d), 972 and authorities cited. Bills of exceptions numbers 6, 7, 8, 9, 10 and 11 have been carefully considered by us and are deemed to be without merit.

By bill of exception number 14 appellant complains of the testimony of E. H. Brown, Cashier of the First National Bank of Hubbard, Texas, that he made an investigation in Hubbard to ascertain if there was any firm in said town who did business under the name of Sanders and Meyers, stating the places he went to and of whom he made inquiries. He testified that he was unable to find any such firm. The record shows that appellant claimed that after the transaction in question, he wrote to W. E. Sanders at Hubbard and informed him of the trouble he was in by reason of his attempt to pass the check in question. That he received a reply from W. E. Sanders on a letter head of "Sanders & Meyers Auto Wrecking Yard," a firm composed of W. E. Sanders and A. L. Meyers, and which remitted to him the amount for which the check in question was drawn. The testimony objected to was admissible as it tended to show that the letter was not genuine and bona fide, but simulated.

Bills of exceptions numbers 16 through 22 inclusive complain of certain remarks by the district attorney in his argu-

ment to the jury. We have given these bills of exceptions our most careful consideration and reached the conclusion that the arguments were reasonable and proper deductions from the testimony. We have also examined the court's charge in the light of the objections addressed thereto and reached the conclusion that they are not subject to the objections. All other matters complained of have had our most careful consideration and are overruled without written comment.

No error of a reversible nature appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

We inadvertently stated in our original opinion that the offense was "passing a forged instrument." The charge and conviction was for "attempting to pass as true a forged instrument."

Appellant insists that the trial court committed error in refusing a continuance sought for the witnesses Sanders and Roberts, one of whom purported to be the signer of the alleged forged check, and the other the payee. When the application for continuance was presented it was contested and the court heard evidence thereon before denying it. Much evidence during the trial had a bearing on these purported witnesses. In appellant's confession he said:

"I have been shown a check for $22.50, dated February 22, 1939, payable to J. C. Roberts, signed W. E. Sanders, on the First National Bank of Hubbard, Texas. I wrote out this check out myself in the town of Coleman, Texas, and signed the name of W. E. Sanders to the check. I do not know anybody by the name of W. E. Sanders and this was a fictitious name. I forged the name of W. E. Sanders to the check."

If that statement is true it is not surprising that the purported Sanders and Roberts could not be found, and that the two men who were found bearing said names knew nothing of the transaction. It is true that on the trial appellant contradicted his confession, but all the evidence both on the main trial and on the application for continuance was before the trial judge on the motion for new trial, and we think makes

pertinently applicable that part of Sec. 6, Art. 543, C. C. P. here quoted:

"* * * The truth of the first, or any subsequent application, as well as the merit of the ground set forth therein and its sufficiency shall be addressed to the sound discretion of the court called to pass upon the same, and shall not be granted as a matter of right. If an application for continuance be over-ruled, and the defendant convicted, if it appear upon the trial that the evidence of the witness or witnesses named in the application was of a material character, and that the facts set forth in said application were probably true, a new trial should be granted, and the cause continued or postponed to a future day of the same term."

In view of all the testimony before him the trial court was justified in refusing a new trial based upon his denial of a continuance on the ground that the matters set up in the application for continuance were not probably true, and that the purported witnesses were fictitious. See authorities cited under Note 35, Art. 543, Vol. 1, Vernon's Ann. Tex. C. C. P., Sec. 306, Branch's Ann. Tex. P. C., Grayson v. State, 91 Tex. Cr. R. 137, 236 S. W. 1110; Weaver v. State, 91 Tex. Cr. R. 637, 240 S. W. 543, Evans v. State, 91 Tex. Cr. R. 579, 240 S. W. 916.

Appellant also insists that the confession introduced in evidence against him was not voluntarily made. When the confession was offered in evidence and objection interposed the trial court retired the jury and heard the testimony regarding the taking of said confession, some of which is included in bill of exception number two. The court approves the bill with the statement that it does "not fairly reflect the full facts" regarding the matter and refers us to the statement of facts and certain pages thereof as bearing on the question of the voluntary character of the confession. We learn therefrom that the officers had been informed of appellant's effort to pass the check alleged to have been forged and when they approached and interrogated appellant about it he made an effort to chew up and swallow said check, whereupon the officers undertook to prevent him from destroying the check. In the tussle with him they threw him to the ground and choked him to prevent him from swallowing the check. One of the officers inserted his finger in appellant's mouth to extract the paper, and appellant bit his finger. One, or perhaps two of the officers slapped him— whether it was the one whose finger appellant had bitten is not clear. The blow struck appellant on the nose caused it to

bleed. We are led to believe appellant did not receive the serious injury in the tussle with the officers that he claimed upon the trial. The incident regarding the officers' efforts to prevent appellant from destroying the check had nothing whatever to do with the confession, and was not an act of the officers done with intent or thought of securing a confession. Appellant claimed upon the trial that he was addled and excited when he gave the confession, and did not realize what he was doing. We think the court not in error in admitting the confession in evidence under all the facts before him. An issue having been made regarding the matter, however, he submitted the issue to the jury in the following instruction.

"You are further instructed that you will not consider the statement or confession of the defendant which was introduced in evidence unless you find and believe from the evidence that he freely and voluntarily made and signed such statement, and that he knew at the time what he was doing, and what the instrument he was signing was.

"If you should find and believe from the evidence that at the time the defendant made such statement he was nervous and excited to such an extent that he did not know what he was doing, or that he was laboring under any fear of violence from the officers, or because of any pressure brought to bear by the officers you will not consider same. If you have a reasonable doubt as to the facts in regard to this you will give the defendant the benefit of such doubt and not consider said statement."

The trial court was justified in admitting the confession and in submitting the issue to the jury he followed the procedure long recognized by this court as proper, and the evidence before the jury warranted them in considering said confession.

Appellant insists that the remarks in argument of the District Attorney complained of in bill of exception number twenty-one presents reversible error. The language complained of was as follows: "This defendant lied at the Wilson Grain Company, and he lied again when he was at Brownwood to Roscoe Brooks." The statement presumably referred to the incident at the Wilson Grain Company where appellant told Mr. Williams that appellant's name was "J. C. Robert,"—the name of the payee in the check—and that he lived at Santa Anna, and to the incident at Brownwood where he told Mr. Brooks that his (appellant's) name was "J. C. Roberts," and that his address was Blanket, Texas. Appellant cites us to Stroehmer v. State,

100 Tex. Cr. R. 90, 272 S. W. 163; Nichols v. State, 106 Tex. Cr. R. 108, 290 S. W. 1093; Roberts v. State, 107 Tex. Cr. R. 139, 295 S. W. 609, as supporting complaint of the argument. The two cases first mentioned are so entirely different on the facts as to be without force as a precedent. In the Roberts case the language complained of related to a claimed conversation between accused in that case and the private prosecutor whose statement was not predicated on the evidence, and a conclusion therefrom, but was an expression based on his conversation with accused. Such is not the case here. The jury knew that the District Attorney had no personal knowledge regarding the conversation appellant had either with Brooks or at the Wilson Grain Company, hence also knew that the language complained of was the attorney's conclusion from the evidence in the case. Franklin v. State, 104 Tex. Cr. R. 240, 283 S. W. 802 is directly in point.

We think it not necessary to discuss other matters urged by appellant.

The motion for rehearing is overruled.